IN ERROR.
........
ALBANY,
February, 1822.

LOOMIS
v.
JACKSON.

JEDUTHAN LOOMIS, plaintiff in Error,
*against*
JAMES JACKSON, *ex dem* MALCOLM M'NAUGHTON, defendant in Error.

IN ERROR to the Supreme Court. For the facts in this case, and the opinion of the Court below, *see* the report of the same case in vol. 18. p. 81—87.

*A. Van Vechten*, for the plaintiff in error, contended,
1. That no estate in lot No. 50 passed by the mortgage, the premises being described as part of lot No. 51.

2. Though in the construction of a deed, when there is a *contradiction* in the description of the premises granted, the Court may reject part of the description, as false or mistaken, for the purpose of giving effect to the deed; yet the Court is bound, in the exercise of a sound discretion, not to reject *certain, definite,* and *distinguishing* particulars, in favour of *uncertain, undefined,* and *fluctuating* particulars.

3. Parol, or exclusive evidence cannot be received to contradict, *vary,* or add to an instrument in writing : especially, when its effect is to *fix notice* of a registered mortgage, when a subsequent *bona fide* purchaser, to whom the *registry,* unexplained by such evidence, would not be notice.

He cited 4 *Tyng's Mass. Rep.* 196. 7 *Johns. Rep.* 223.

Where the premises in a deed were described as lot No. 51, in the second division of a patent, "bounded as follows : Beginning at a stake and stones," &c. and so giving the monuments, courses and distances ; and the grantor at the time owned lot No. 50, in the same patent, and the monuments, courses and distances in the deed, exactly corresponded with those on the land ; *Held,* that the words, "lot No. 51," might be rejected as surplusage. the description being sufficiently certain without those words. *Vide* vol. 18 p 81. S. C.

*E. Williams,* contra, insisted on the following points :
1. That the land passed by the mortgage, inasmuch as it was manifestly the same land possessed by *Loomis,* the plaintiff in error.

IN ERROR.
........
ALBANY.
February, 1822.

Loomis
v.
Jackson.

2. That the boundaries contained in the mortgage were the same as in the deed, under which the plaintiff in error claimed .title. Boundaries, by every rule of reason and law, are paramount to length of lines, numbers of the lots, and number of acres; as in the former, there can be no mistake, while the latter depend on survey and calculation which are liable to error, from the fallibility of the human mind: But boundaries or known monuments, especially marked trees, or other immoveable objects, depend only on ocular demonstration, and are very rarely mistaken.

3. That the registry of the mortgage containing those boundaries, (although the *number* of the lot was mistaken,) was sufficient notice to the purchaser; for no man could doubt that the land was the same, and would readily suppose the number of the lot mistaken, but the land to be the same, from finding the more certain and definite land marks and established boundaries; particularly when the purchaser perceived in the deed offered to him, the precise courses, distances, number of acres, the same grantor, and monuments designated in the same terms.

4. That if the number of the lot had been altogether omitted, the mortgage would have been good, because the premises might have been located by monuments, &c. The wrong number of the lot, therefore, could not vitiate the deed.

The Chancellor. The facts in the case are shortly as follows: *James Wells,* on the 15th day of *August,* 1820, executed a mortgage to *Malcolm M'Naughton,* of a parcel of land in the town of *Cambridge,* in *Washington* county, described as being in the second division of a patent granted to *Isaac Sawyer* and others in that town, and containing 51 acres of land. It was minutely described in the mortgage by metes and bounds, courses and distances. The description stated the line as commencing at a stake and stones, in the south line of the lot, 9 chains and 52 links westerly from a stake and stones standing near a marked pine tree, and the. termination of every course and distance is denoted to be a stake and stones. Such a lot or parcel of land corresponding, in every respect, with the above description was found

IN ERROR.
........
ALBANY,
February, 1822.

LOOMIS
v.
JACKSON.

and surveyed, but it was part of lot No. 50, in the second divison of the said patent, whereas the mortgage to *M'Naughton* stated the land to be part of lot No. 51. It does not appear that *Wells*, the mortgagor, ever owned any land in lot 51, but it does appear that he did own the above parcel of land in lot No 50, and that subsequent to the exeecution and registry of the mortgage, he conveyed it away to *Jeduthan Loomis*, and by the very same description, *verbatim*, except that the deed to *Loomis* expressed the true number of the lot.

The simple question, and it is one not involved in technical learning, or placed beyond the reach of plain and practical common sense, is, whether *M'Naughton* must be deprived of his mortgage, because the lot so perfectly ascertained, and so minutely and accurately described, has been misnamed, and called lot 51, instead of lot 50. There is no evidence or pretence in the case, that *Loomis*, the subsequent purchaser, was misled, and did not know of the existence of this mortgage. He could not possibly have been misled, if he consulted the registry, (as we are to presume he did,) for he would have found there a mortgage from *Wells* to *M'Naughton*, for the same quantity of land which he purchased, and in the same division of the patent, and containing the same identical description by monuments, courses, and distances. It is impossible to suppose he was mistaken, or that he had not due notice of the mortgage. *Wells*, the mortgagor, was in possession of this land when he mortgaged to *M'Naughton*, and when he afterwards sold to *Loomis*. He was not in possession of and he never owned any land in lot No. 51. So we are to presume, for no fact of that kind is attempted to be shown, and it ought to have been shown by *Loomis*, if he intended to escape from the presumption which now presses irresistibly against him. Then *Loomis*, the purchaser, must have consulted the record, and must have known of this mortgage. He found the same definite and notorious boundaries, the same courses and distances, the same heaps of stones, the same marked pine tree, and the same quantity of acres; and I have no doubt in my own mind that *Loomis* purchased with actual knowledge of the mortgage, and with a diminution of

IN ERROR.
........
ALBANY,
February, 1822.
⁓⁓⁓⁓
LOOMIS
v.
JACKSON.

price corresponding with the value of the incumbrance. The justice of the case cannot be mistaken, for a moment, and the rules of law in the construction of deeds happily accords with the suggestions of good sense, and the dictates of morality.

If there be certain particulars sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance false or mistaken, will not frustrate the grant. Thus, says one of the old cases, (*Blaque* v. *Gould, Cro. C.* 447. 473.) if there be a devise of a house called the corner house in *Andover*, in the possession of *B.* and *H.*, and it turns out that the corner house at *Andover* was in the possesssion of *B.* and *N.*, and not of *B.* and *H.*, yet it was held to pass, for the thing was sufficiently ascertained, and the addition of its being in the possession of *H.* was a mistake. The devise was certain without that addition, and was expounded according to the apparent intent. So, again, (*Cro. C.* 548.) there was a deed of all that glebe land and tithes lying in *Andover*, viz : 78 acres of land, lately in the occupation of *B.*, and it happened that the same was never in the occupation of *B.*, yet the learned judges of the K. B., in the time of King *Charles* I. held, that the land and tithes sufficiently passed, for they said, the *addition of a falsity shall never* hurt where there was any manner of certainty without it. And in our own time, we have the like rule of construction laid down by the Supreme Court of *Massachusetts*, in *Worthington* v. *Hylyer.* (4 *Tyng*, 196.) If the description, says Chief Justice *Parsons*, be sufficient to *ascertain the estate* intended to be conveyed, although the estate will not agree to some of the particulars in the description, yet it shall pass by the conveyance, that the intent of the parties may be effected. Thus, he says, if a man convey his house in *D.* which formerly belonged to *C.* the house shall pass if the grantor had but one house in *D.* because the estate intended to be conveyed is sufficiently ascertained. The case before the Supreme Court in *Massachusetts* is very much in point. The land was described in a mortgage as all *his farm of land in W. on which he lived, containing one hundred acres, with his dwelling house and barn standing*

*thereon; and adds, that the farm was lot No. 17,* in the first division of lands, and it turned out,' that the farm was not lot No. 17, but a different parcel of land, and the Court wisely rejected that particular of the description as not essential. So, in the present case, the land is sufficiently described by the metes and bounds, the courses and distances, the monuments, the number of acres, the town, the patent, the ownership and possession; and the number of the lot therefore, may safely be rejected.

I conclude, that the premises passed by the mortgage; and *Loomis,* the subsequent purchaser, was bound by the registry of it, and took subject to the mortgage. This is equally the law and the equity of the case; and I am accordingly of opinion, that the judgment of the Supreme Court ought to be affirmed.

This being the unanimous opinion of the Court, it was thereupon, ORDERED, ADJUDGED, and DECREED, that the judgment of the Supreme Court be, in all things, affirmed, &c.

Judgment of affirmance.