ELIZA E. TOWNSEND, Respondent, *v.* STEPHEN T. HAYT, Appellant.

The rule that a monument controls other portions of the description in a deed is not inflexible. Where there is a map giving other results, or the monument is repugnant to another of like character, the truth is to be ascertained from all the facts in the case. Practical location of and acquiescence for a less term than twenty years in an erroneous boundary line cannot be claimed to the exclusion of evidence of the true line, where the premises were wild and uncultivated and practically unoccupied.

(Argued October 2, 1872; decided January term, 1873.)

THIS was an action of trespass for cutting timber upon certain lands in Erwin, Steuben county.   Plaintiff was the owner of an undivided seven-twentieths of great lot No. 9.   By the judgment, in an action for partition, lots 1 and 2 of said great lot were allotted to plaintiff in severalty.   The question in this case was as to the boundary line of lot 2.   The *locus in quo* was within lot 2, as laid out and shown by a map produced on the trial; but, as described in the allotment, it was not contained therein.   The mistake was in the starting point, which was stated in the allotment, as follows: "Beginning at a post the south-east corner on the west line of No. 7, thence north," etc.; his starting point was in fact fourteen rods north of the south-east corner of lot 2.   The line then ran 112 rods back to a hemlock tree.   Measuring back that distance from said tree carried the line to the true point.   The description also terminated at the post.   The judgment in the partition suits, referring to the allotments, reads: " By which was allotted to the plaintiff lot No. 2, in the third allotment, etc., metes and bounds as follows," etc.   Defendant asked the court to charge the jury that the commissioners in partition, having marked and described the line, made an actual location thereof, that plaintiff is estopped from questioning the same, and could not recover for timber cut south of that line, and that if the jury should find that the line was originally as claimed by plaintiff, the portion of the lot south of the line given was undivided, and plaintiff as tenant in common was only entitled to recover one-fifth of the damages found.   The court declined so to charge, and defendant excepted.   *Held*, no error; that the judgment gave plaintiff the whole of lot 2, although the metes and bounds subsequently given therein did not cover the whole of it; that the rule that a monument controls other portions of the description in a deed is not inflexible, but where as in this case there is a map giving a different result, and the fixed monument is repugnant to another of a like character, the truth is to be ascertained from all the facts in the case.   Also, *held*, that plaintiff was not concluded by acquiescence in the line as described in the allotment, the premises being wild and

uncultivated, and only twelve to fifteen years having elapsed since the judgment in partition. The exceptions were also held invalid for the reason that in any view plaintiff was entitled to recover his portion; that is, seven-twentieths of the damage; that the first exception was not good, as it asked to exclude him from all damages if the line was found as defendant claimed, and the second was defective in that it limited him to one-fifth.

*George T. Spencer* for the appellant.

*George B. Bradley* for the respondent.

Hunt, C., reads for affirmance.
All concur.
Judgment affirmed, with costs.