# Cases

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## November, 1876.

---

NILES HIGGINBOTHAM AND OTHERS, PLAINTIFFS, *v.* GROVE
W. STODDARD, DEFENDANT.

*Deed — natural monuments — measurements — construction of in case of variance—
Adverse possession.*

Where a deed conveyed a lot on the south side of Madison street "extending
from Madison street to Phelps street, said building lot being ten feet on Madison
street, thirty-two feet *in rear on the northerly side of the mill race,* and 100 feet
in depth from front to rear, containing 2,100 square feet of ground," *held*, that
the lot did not extend back to the mill-race, but only to a line distant 100 feet
from Madison street.

Although the rule is well settled that in construing deeds, courses, distances and
quantities must yield to fixed and known objects and monuments, yet the entire
description must be read in order to determine its fair import ; and if there be
words of qualification or explanation, they must be considered in order to
arrive at the intention of the parties.

*Semble*, that when lines are so short as to admit of entire accuracy in their measure-
ment, such measurement is entitled to great weight in determining what is
intended by the language.

To constitute such an adverse possession of land as will render a conveyance
thereof void, it must be held under a claim of some specific title ; a general
assertion of ownership, irrespective of any particular title, will not avail.

MOTION for a new trial on exceptions ordered to be heard in the
first instance at the General Term, after a verdict directed in favor
of the plaintiffs.

The action was in ejectment. It was commenced in July, 1873, to recover the possession of a strip of land in the village of Oneida, Madison county, described in the complaint as " bounded on the east by Market alley in said village, on the south by the now existing water line of the mill-race, on the west by the easterly line of lands belonging to the State of New York, and on the north by land of the said defendant; being a strip of land about five feet wide on the easterly end, and extending at about the same width westerly twenty-four feet, and from thence narrowing by a contraction on the southerly side, to about two feet in width at a point thirty-two feet west of said Market alley."

The defendant claims to own this strip by virtue of a conveyance from the plaintiffs' grantor. The court held that the lot in question was not included in the description of the land conveyed to the defendant (this description is set forth in the opinion), and directed a judgment in favor of the plaintiffs.

*C. Carskaddan* and *Henry A. Foster*, for the plaintiffs. It was clearly the intention of the parties to limit the southern boundary of defendant's lot to a line 100 feet south of the south line of Madison street. (*Kingsland* v. *Chittenden*, 6 Lans., 18; *French* v. *Carhart*, 1 Comst., 102.) That the words " on the northerly side of the mill-race," were not intended as a fixed boundary, is well established by the following cases : *Wilson* v. *Inloes* (6 Gill [Md.], 121); *Rex* v. *Johnson* (5 N. H. R., 520); *Bowman* v. *Farmer* (8 id., 402); *Marsh* v. *Marshall* (19 id., 301). Even if the words " on the northerly side of the mill-race " were used as descriptive of the premises; and even though they might be considered equivalent to the words " on the northerly line of the mill-race," yet, as they are not clear and explicit, they must yield to the more specific and certain description of the lot which confines it to 100 feet in depth from Madison street. (Washb. on Real Property, [2d ed.], 672, § 39, 673, § 40; *Herrick* v. *Sixby*, L. R., 1 P. C., 436; *Heard* v. *Garritt*, 34 Miss. [5 Gage], 152; *Bell* v. *Sawyer*, 32 N. H., 72.) " Words of general description in a deed are controlled and made certain by the particular. description of the premises in question." (*Smith* v. *Strong*, 14 Pick., 128; *Barnard* v. *Martin*, 5 N. H., 536; *Seaman* v. *Hogeboom*, 21 Barb., 407, 408; *Townsend* v. *Hayt*, 51 N. Y., 656, 657; *Frost* v. *Spaulding*, 19 Pick.,

445; *Blaney* v. *Rice*, 20 id., 62; *B., N. Y. and E. R. R. Co.* v. *Stigler*, 61 N. Y., 348.) The rule that a deed where the description is uncertain, must be construed in favor of the grantee, has no application to this case. (Washb. on Real Property [2d ed.], 669, § 36; *City of Boston* v. *Richardson*, 13 Allen, 146; Kent's Com., vol. 2 [5th ed.], 556.)

*M. J. Shoecraft*, for the defendant. The defendant's deed, properly construed, gives him title to all the land between Madison street and the northerly side of said mill-race, which included the land in dispute, as it was when the defendant received his said deed in 1864, from Sands Higginbotham and wife. The rule of law is, that courses, distances and quantities must yield to fixed and known objects and monuments, whether natural or artificial. (*Allerton* v. *Johnson*, 3 Sandf. Ch., 72; *Wendell* v. *The People*, 8 Wend., 183, 190; *Jackson* v. *Camp*, 1 Cow., 605; *Jackson* v. *Ives*, 9 id., 661; *Raynor* v. *Timerson*, 46 Barb., 518; *Smith* v. *McAllister*, 14 id., 434; see opinion of the court, 440; *Jones* v. *Halstien*, 47 id., 311; 44 id., 463; Washburn on Real Estate, vol. 2, p. 662, and cases cited; *Roat* v. *Puff*, 3 Barb., 353; *Jackson* v. *McConell*, 19 Wend., 175; 15 Johns., 471; 3 Sandf. Ch., 72; 27 Barb., 196.)

BOCKES, J.:

After careful study of this case I am led to the conclusion, that the construction given to the defendant's deed by the learned judge at the Circuit was correct. He held that the defendant's title extended southerly from the south line of Madison street 100 feet, and no more; under which ruling the plaintiff was entitled, according to the proof, to the strip of land south thereof, as claimed in the complaint. This ruling was based on the language and legal import of the description contained in the defendant's deed. The deed bore date March 7, 1864, and purported to convey to the defendant certain premises therein described, as follows, to wit: " All that certain building lot or piece of land situate in the village of Oneida, on the southerly side of Madison street, between the easterly line of the canal feeder and the public alley, of thirty feet in width; extending from Madison street to Phelps street; said building lot being ten feet on Madison street, thirty-two feet

in rear, on the northerly side of the mill-race, and 100 feet in depth from front to rear, containing 2,100 square feet of ground."

The defendant insisted that under the language of this description, when properly construed, he had title to all the land between Madison street and the northerly side or line of the mill-race. The court held otherwise, and decided that the deed gave him no title south of a line 100 feet from Madison street, and directed a verdict for the plaintiff. It is a well settled and very familiar rule of law, that in giving construction to deeds of conveyance, courses, distances and quantities must yield to fixed and known objects and monuments, whether natural or artificial. So, it is claimed here, that the mill-race was given as a fixed and certain object or monument designating the southern boundary of the lot intended to be conveyed. But the entire description must be read in order to determine its fair import; and if there be words of qualification or explanation, they must be considered in order to arrive at the intention of the parties.

It is the paramount duty of the court to carry such intention into effect when consistent with the rules of law. Now, in this description the lot is designated as " on the northerly side of mill-race; " and to make the description of the south line certain and quite exact, it is added, " and 100 feet in depth from front to rear, containing 2,100 square feet of ground." The front was on Madison street, a well defined and recognized line, and 100 feet was given therefrom; and that this monument should unmistakably control, there was further added, " containing 2,100 square feet of ground; " which would be the precise number of square feet in the lot ten feet wide in front, thirty-two feet wide in rear and 100 feet deep. The words, " on the northerly side of mill-race," do not of necessity fix and determine the exact location of the line. These and similar words may be, and frequently are, but descriptive of general location, the exact line being made certain by other words, or terms importing precision and exactitude. This has been repeatedly held in the reported cases. ( *Wilson* v. *Inloes*, 6 Gill, 121 ; *Rix* v. *Johnson*, 5 N. H., 520 ; *Bowman* v. *Farmer*, 8 id., 402 ; *Marsh* v. *Marshall*, 19 id., 301.)

It is manifest, I think, that these words, as used in this description, are not so entirely controlling as to render nugatory the very

explicit declaration that the lot should front on Madison street and extend therefrom 100 feet in depth, and should contain the precise number of square feet of ground, which that depth would afford estimated by the given width. It has been remarked by high authority that in some cases, when the lines are so short as to be evidently susceptible of entire accuracy in their admeasurement, and are defined in such a manner as to indicate an exercise of this accuracy in describing the premises, such description is regarded with great confidence as a means of ascertaining what is intended by the language. And, again, the rule is well settled that words of general description in a deed will be controlled and made certain by particular description. But it may be here observed that there is, in point of fact, no incongruity in the description which locates the lot "on the northerly side of mill-race," and yet limits its south line to 100 feet from Madison street. The following cases have a bearing on the case in hand in a greater or less degree, and as is believed, favorable to the views above expressed : *Seaman* v. *Hogeboom* (21 Barb., 398); *Townsend* v. *Hayt* (51 N. Y., 656); *Frost* v. *Spaulding* (19 Pick., 445) ; *Blaney* v. *Rice* (20 id., 62) ; *B., N. Y. and E. R. R. Co.* v. *Stigeler* (61 N. Y., 348).

Now, there are points of entire certainty in the description of the lot conveyed by the defendant's deed which, as it seems to me, must control its construction. Madison street is undeniably its northern boundary; on this street it abuts ten feet; the lot was declared to extend back therefrom 100 feet, and was to have there thirty-two feet width. These lines are short and are susceptible of entire accuracy of measurement. So, too, the *area* is expressly declared in square feet, corresponding precisely with this measurement. In this view of the case it must follow that the construction given to the deed by the learned judge at the Circuit was the correct one.

There is no basis for the claim that the deed to the plaintiffs was void, because of the defendant's alleged adverse holding of the *locus in quo* at the time it was given. To render such point available the adverse holding must have been under a claim of some specific title. A general assertion of ownership, irrespective of any particular title, will not avail. (*Crary* v. *Goodman*, 22 N. Y., 170 ; *Hallas* v. *Bell*, 53 Barb., 247.) Here the defendant made no show

of title covering the premises in controversy. Nor is there any basis for the claim that the defendant had acquired title by adverse possession. All the rights he obtained prior to his deed, which bore date March 7, 1864, were such as originated in the license to Buswell, and such as he acquired under his lease for ten years, dated October 5, 1854; yet both instruments under which he occupied recognized Sands Higginbotham, who was plaintiff's predecessor in title, as owner.

Thus it seems that the evidence given on the trial, tending to show possession and acts of ownership on the part of the defendant, as detailed in the bill of exceptions, was quite immaterial, and the learned judge was right in holding that the defendant was not entitled to go to the jury on the questions proposed by him and for the purpose declared.

The plaintiffs are entitled to judgment on the verdict, with costs.

LEARNED, P. J., concurred ; BOARDMAN, J., took no part.

Motion for new trial denied and judgment ordered for plaintiff on verdict, with costs.