Marie Hussner, as Administratrix, etc., Respondent, *v.* The Brooklyn City Railroad Company, Appellant.

Plaintiff's complaint alleged, in substance, that, her intestate, G. was in his life-time seized and possessed of certain premises which were described by metes and bounds, subject to a public easement in a part thereof used as a public street ; that defendant, at times specified, prior to the death of G., and while he was so possessed, unlawfully entered upon that por- tion so used as a highway and committed acts of trespass by running its steam engines and cars thereon, etc. The complaint was dismissed on the ground that it did not set forth a cause of action, as the description by its terms only ran to the side line. of the street and did not include any portion thereof. *Held* error ; that plaintiff was not concluded by the description, but having alleged title in and possession of the *locus in quo*, subject only to the public easement for highway purposes, was entitled to an opportunity to establish these allegations.

*It seems* that if plaintiff's right depends wholly upon the construction to be put upon the description, that construction may be affected and con- trolled by other parts of the deed by which the land was conveyed and by surrounding circumstances

(Argued April 17, 1884 ; decided April 29, 1884.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, made September 10, 1883, which reversed a judgment, entered upon an order dis- missing the complaint on trial, on the ground that it did not set forth a cause of action. (Reported below, 30 Hun, 409.)

The complaint, after averring the death of George Hussner, plaintiff's intestate, and her appointment as administratrix, con- tained these averments :

"That the said decedent was seized and possessed in his life-time in fee-simple of certain lands lying in the eighth ward of the city of Brooklyn, county of Kings, and lawfully owned and possessed of the same since the month of Septem- ber, in the year 1861, and that such lands are described as follows, viz.: All those two certain pieces or parcels of land situate, lying and being in the eighth ward of the said city of Brooklyn, bounded and described as follows, to-wit : Begin- ning at the northerly corner of Third avenue and Twenty-fourth

street, and running thence north-easterly along said Third avenue fifty feet; thence north-westerly in a line parallel with Twenty-fourth street one hundred feet; thence south-westerly in a line parallel with Third avenue fifty feet to Twenty-fourth street, and thence south-easterly along said Twenty-fourth street one hundred feet to place of beginning, and that said decedent was so possessed of the same, subject only to the public easement of a common street or highway in that part thereof called Third avenue, which is used as a public street.

" That on or about the 2d day of July, 1877, and on divers other days and times between that day and the time of the death of said decedent, and while the said decedent was so possessed of said premises, the said defendant, its servants and agents, without right or authority, wrongfully and unlawfully entered upon a portion of said premises which is used as such public highway, lying between and bounded by the center line of said Third avenue on one side thereof and the front line of the building of said decedent erected on said premises above described, on the other, and committed acts of trespass and injuries to said premises by running thereon daily, during said period, steam engines and cars propelled by steam, to the injury of said premises, in the depreciation of the value of said building and real estate, and to the injury of the hotel business carried on by said decedent in said building during all of said times, in all amounting to the sum of $5,000.

That said acts of trespass have been committed without the consent of the said George Hussner, deceased, and without authority of law, and that no compensation, by way of awards or otherwise, has been made to the said George Hussner, deceased, or the plaintiff herein, by the defendant for the damage to said property."

*Winchester Britton* for appellant. No action for trespass can be sustained unless by an appropriation of or an intrusion upon the *locus in quo.* (*Kellinger* v. *Forty-second Street R. R. Co.*, 50 N. Y. 206; *Cortelyou* v. *Van Brundt*, 2 Johns. 257; *Gidney* v. *Earl*, 12 Wend. 98.) The description set forth

in the complaint, of plaintiff's premises, excludes the street. (*Child* v. *Starr*, 4 Hill, 382; *Kings Co. F. Ins. Co.* v. *Stevens*, 87 N. Y. 293; *English* v. *Breman*, 60 id. 609; *Wetmore* v. *Law*, 34 Barb. 515–520; *Augustine* v. *Britt*, 15 Hun, 395; 80 N. Y. 647.)

*George W. Roderick* for respondent. The complaint stated facts sufficient to constitute a cause of action. (Code of Civil Procedure, §§ 481, 519, 539, 540, 3339; *St. Johns* v. *Northrup*, 23 Barb. 25; *Cody* v. *Allen*, id. 388; 18 N. Y. 119; *Richards* v. *Edict*, 12 Barb. 260; *Graham* v. *Commin*, 5 Duer, 697; *Prindle* v. *Carruthers*, 15 N. Y. 425; *People* v. *Ryder*, 12 id. 436; *Marie* v. *Garrison*, 83 id. 14; *Prouty* v. *Whipple*, 14 Weekly Dig. 387; *Price* v. *Brown*, 10 Abb. N. C. 67; *Bradley* v. *Aldrich*, 40 N. Y. 504, 512; *Hale* v. *O. N. B'k*, 49 id. 626; *Sternberger* v. *McGovern*, 56 id. 12; *Margraf* v. *Muir*, 57 id. 155; *Wheelock* v. *Lee*, 74 id. 495, 500.) When in a pleading there is an averment of facts, followed by a legal conclusion not warranted by the facts from which it is sought to be drawn, the legal conclusion will be disregarded and treated as mere surplusage. (*Greentree* v. *Rosenstock*, 61 N. Y. 583; *Jones* v. *Phenix B'k*, 8 id. 228; *Schenck* v. *Naylor*, 2 Duer, 675; *Mann* v. *Morehead*, 5 Sandf. 557; *Garr* v. *Selden*, 4 N. Y. 91; *Siblee* v. *Waffle*, 16 id. 180; *Burrell* v. *Bowen*, 21 How. 378.) Even when the proper legislative and municipal authority has been obtained for the operation of a steam railroad upon a public highway, its operation imposes an additional burden or servitude upon the street, and is inconsistent with and detrimental to the uses of the street as an ordinary public highway. (*Williams* v. *N. Y. C. R. R.*, 16 N. Y. 97; *Wager* v. *Troy R. R.*, 25 id. 526; *Carpenter* v. *Oswego R. R.*, 24 id. 265; *Milhau* v. *Sharp*, 27 id. 611; *Craig* v. *R. & B. R. R.*, 39 id. 404; *R. G. L. Co.* v. *Calkins*, 62 id. 386; *Mahon* v. *N. Y. C. R. R.*, 24 id. 658.) If the operation of a steam railroad in a public street is not authorized by law, it is a nuisance, and an abutting lot-owner, even if his title does not extend to the soil of the street itself, may maintain an action

for damages and even enjoin its operation by an action in equity. (*Milhau* v. *Sharp*, 27 N. Y. 611, 624, 625 ; *People* v. *Kerr*, id. 193 ; *Davis* v. *Mayor*, 14 id. 507, 524 ; *Corning* v. *Loweree*, 6 Johns. Ch. 439 ; *Att'y-Gen'l* v. *Cohoes*, 6 Paige, 133 ; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97, 111 ; *Gardiner* v. *Newburgh*, 2 Johns. Ch. 168 ; *Frances* v. *Skoellkops*, 53 N. Y. 152 ; *Willoughby* v. *Jenks*, 20 Wend. 96 ; *Presbyterian Soc.* v. *A. & R. R. R. Co.*, 3 Hill, 567 ; *Wager* v. *T. U. R. R.*, 25 N. Y. 561 ; *Craig* v. *R., etc., R. R.*, 39 id. 404 ; *Carpenter* v. *O. R. R.*, 24 id. 265, note ; 18 Am. L. Reg. 707.) Whether the plaintiff's intestate was the owner in fee of the lands forming Third avenue, or only had an easement therein as abutting owner, does not affect the question of the right of recovery. (*Story* v. *El. R. R.*, 90 N. Y. 122 ; *Mahady* v. *B. R. R.*, 91 id. 148 ; *Williams* v. *N. Y. C. R. R.*, 16 id. 97 ; *Craig* v. *R. & B. R. R.*, 39 id. 404 ; *Strong* v. *City of Brooklyn*, 68 id. 1 ; *Wager* v. *T. R. R.*, 25 id. 526 ; *Carpenter* v. *O. R. R.*, 24 id. 265 ; *Milhau* v. *Sharp*, 27 id. 611, 634-5.) The presumption of law is that a conveyance of land bounded by a highway, running to a highway or running along a highway, carries with it the fee to the center of the road as part and parcel of the grant. (*Adams* v. *S. R. R.*, 11 Barb. 415 ; *Perrin* v. *N. Y. C. R. R.*, 36 N. Y. 120 ; *Lizer* v. *Duereux*, 16 Barb. 160 ; *Lozier* v. *N. Y. C. R. R.*, 46 id. 465 ; *People* v. *Law*, 34 id. 494 ; *Seneca Nation* v. *Knight*, 23 id. 488 ; *Demer* v. *Legg*, 18 id. 14 ; *Wallace* v. *Fee*, 50 N. Y. 694 ; *Dunham* v. *Williams*, 37 id. 251 ; *Hammond* v. *McLachlan*, 1 Sandf. 341 ; *Herring* v. *Fisher*, id. 347 ; *Smith* v. *McAllister*, 14 Barb. 434 ; *Sherman* v. *McKeon*, 38 N. Y. 266 ; *Bissell* v. *N. Y. C. R. R.*, 23 id. 61 ; *Wetmore* v. *Law*, 34 Barb. 515 ; *Wager* v. *Troy Union R. R.*, 25 N. Y. 529 ; *Jackson* v. *Hathaway*, 15 Johns. 447 ; *Mott* v. *Mott*, 68 N. Y. 253 ; *Kings Co. F. Ins. Co.* v. *Stevens*, 87 id. 291 ; *White's B'k* v. *Nichols*, 64 id. 71 ; *Story* v. *N. Y. E. R. R.*, 90 id. 122, 161, 162 ; *Dovaston* v. *Payne*, 2 Smith's Lead. Cas. 212.) The circumstances that the description of the lands commences " at the northerly corner of Third avenue

and Twenty-fourth street," and then runs certain courses and distances to the place of beginning, is not inconsistent with the claim that the lands forming the streets to the center thereof are included with the boundaries given. The streets are to be considered as mere lines without breadth and not space. (*White's B'k of Buffalo* v. *Nichols,* 64 N. Y. 71; *Hammond* v. *McLachlan,* 1 Sandf. 341; *Sherman* v. *McKeon,* 38 N. Y. 271; *Barridge* v. *Ward,* 10 C. B. [N. S.] 400; *Wallace* v. *Fee,* 50 N. Y. 694; *Bissell* v. *N. Y. C. R. R.,* 23 id. 61; *Jackson* v. *Hathaway,* 15 Johns. 447; *City of Dubuque* v. *Maloney,* 9 Iowa, 451.) The question whether any grant extends to the side line or the center line of a highway is not to be determined entirely by the descriptive parts of the conveyance, but is a question of construction in each particular case. (*Mott* v. *Mott,* 68 N. Y. 253; *Jackson* v. *Hathaway,* 15 Johns. 447; *Luce* v. *Carley,* 24 Weekly Rep. 451; *Child* v. *Starr,* 4 Hill, 360; *Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61; *Dunham* v. *Williams,* 37 id. 251.) The presumption of law is that the owners of lands adjoining a highway either in the city or country are the owners of the fee of the lands forming the highway. (*Bissell* v. *N. Y. C. R. R.,* 23 N. Y. 61; *Wager* v. *T. U. R. R.,* 25 id. 529; *Stiles* v. *Curtis,* 4 Day, 336, 343; *Adams* v. *Saratoga R. R.,* 11 Barb. 414; *People* v. *Law,* 34 id. 494; *Wetmore* v. *Law,* id. 515; *Dunham* v. *Williams,* 37 N. Y. 251; *Adams* v. *Rivers,* 11 Barb. 391; *Dovaston* v. *Payne,* 2 Smith's Lead. Cas. 212.)

Finch, J. The judgment for the defendant founded upon the alleged insufficiency of the complaint was properly reversed by the General Term. Without determining whether the description in plaintiff's complaint, by its terms, ran to the center of Third avenue, or to its side line, it is apparent that the complaint alleged a title and possession which included the street, subject only to the public easement for highway purposes. It is impossible to know from the complaint alone by what evidence such title and possession were to be established. If the deed relied on contained no other description than that recited

in the complaint, so that plaintiff's right depended wholly upon its construction, still that construction might be seriously affected or even controlled by other parts of the deed and by surrounding circumstances. (*Mott* v. *Mott*, 68 N. Y. 253.) Whether there were such circumstances, and what they were, and their bearing upon the question of construction, the plaintiff was not permitted to show. She alleged that her intestate owned the portion of the highway on which the defendant trespassed. She should have been permitted to have shown the fact, and to have had her deed read and construed in the light of such pertinent and admissible facts as she was able to establish. But the case was disposed of on the pleading. The plaintiff was turned out of court upon the ground that the complaint did not state a good cause of action. That was a mistake. The complaint alleged title to and possession of the portion of the street upon or over which defendant was running its cars. If the boundaries did not on their face cover it, the allegation did. The averment might be true notwithstanding the language of the description. It was impossible to say it was not. The complaint in substance avers that the portion of the highway upon which defendant trespassed was owned and possessed by plaintiff's intestate. After the description the complaint adds "that said decedent was so possessed of the same subject only to the public easement of a common street or highway in that part thereof called Third avenue, which is used as a public street." This amounts to an allegation that the decedent was in possession of part of the avenue, claiming to own it subject only to the public right. It then alleges that, while the decedent was so in possession of said premises, the defendant unlawfully entered "upon a portion" of the same "which is used as a public highway." The pleader did not wholly rely on his description. He supplemented that with a positive assertion of possession of the *locus in quo*. How he would have proved it we cannot know. We must assume that he may have had title. If the description was copied from his deed which we have no right to say, and he had no other title, which we must not presume, still, other parts of the deed and

surrounding circumstances might affect the construction. The complaint was sufficient. Whether it could be established or not was a question not before the court. The plaintiff was entitled to an opportunity to prove what if proved would have made a good cause of action for a trespass.

The order should be affirmed and judgment absolute rendered for plaintiff on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.