By the Court.
Sedgwick, Ch. J.
The common source of title was one Crown. After his death and in an action of partition between persons claiming under him by inheritance or by his' will, part of the real estate indicated by the accompanying diagram, was conveyed to the plaintiff and part to the defendant. It is evident from the case, that the intention of the two deeds that will be construed was to give to the plaintiff all eastwardly of a dividing line between the premises of both parties as they were intended to be conveyed, and to the defendant all westwardly of that line. The controversy will be determined by placing that, line according to the proper construction of the two deeds. The exterior lines of the plot comprising the two pieces, indicate the real estate as it was held before the conveyances. And the measurements are those given by the conveyances. The dividing line which runs about south from Leonard street, is not indicated on the diagram.
The description in the conveyance of the referee in partition, of the piece which the plaintiff afterwards Required, is as follows : Beginning at a point on the southwesterly side of Leonard street, distant ninety feet, three inches, more or less from the south-easterly corner of Leonard and Centre streets, running thence south-easterly along Leonard street twenty-four feet, four inches, thence south-westerly parallel with Centre street ninety-one feet, eight inches, thence north-westerly parallel with Leonard street twenty-four feet, or thereabout, to or opposite to the centre of a party-wall or partition, and thence north-easterly through the centre of the said party-wall or partition and on a line in continuation thereof ninety-one feet, or thereabout, to the south-westerly side of1 Leonard street, the place of beginning.
The description in the referee’s deed to defendant’s land. *407 is : Beginning at a point an the south-westerly side of Leonard street, distant forty feet south-easterly from the south-easterly corner of Leonard and Centre streets, running thence south-westerly parallel with Centre street fifty-seven feet and six inches, thence south-easterly parallel with Leonard street thirty feet, three inches ; thence south-westerly parallel with Centre street thirty-two feet and six inches; thence south-easterly and parallel with Leonard street about twenty feet to or opposite to the center of a party-wall or partition now on said premises, thence north-easterly through the center of said party-wall or partition and on a line in continuation thereof, parallel with Centre street ninety feet, six inches, or thereabout, to the south-westerly side of Leonard street, aforesaid fifty feet, three inches more or less to the point or place of beginning.
The words in italics, are the only words in the two deeds that specifically touch the matter of the dividing line that has been mentioned.
A deed of conveyance of real estate operates through its granting and conveying parts as an actual delivery of land from grantor to grantee, of which the parties to the deed give an account or description in the words of the deed. In construing the deed, the land is viewed as it is in fact, and the question is, what has the grantor delivered, if the terms of the deed are considered altogether ?
It has been assumed that the easterly line of defendant’s land, and the westerly fine of plaintiff’s, were meant to be coincident. Such was the fact, excepting that the lengths were differently described. In the plaintiff’s deed, so to call it, the fine was described as in length ninety-one feet,,or thereabout. In the defendant’s it was ninety feet six inches, or thereabout. This would only show, disregarding the word “ thereabout,” that plaintiff’s fine continued six inches southwardly beyond defendant’s line, as the north ends of both lines were at Leonard street. This prolongation is not material to the controversy.
*408 The line or lines in dispute must be held to be straight lines. In the defendant’s deed it is said to be parallel with Centre street, which runs in a straight unbroken line. There is nothing to indicate a curved line, or one composed of two or more lines, forming angles. It is further clear, that the end of the dividing line at Leonard street is ninety feet three inches from the south-easterly corner of Leonard and Centre streets, because the next course from that end of the line, and to the place of beginning, is said to be fifty feet three inches along Leonard street to the place of beginning, which the description begins by stating to be on Leonard street forty feet from the corner of Leonard and Centre streets. The end of the line in dispute is therefore the center of the party-wall, marked “ B ” on the diagram. It is found, moreover, that plaintiff’s land begins at the center of this party-wall, for the description begins at a point distant ninety feet three inches, more or less, from the corner of Leonard and Centre streets referred to.
Again, by tfie defendant’s deed, the course, from which the disputed fine begins to run, is parallel to Leonard street, and is about twenty feet. Both the surveys, made for the parties respectively, show that this twenty feet ends at about ninety feet three inches from Centre street, or the same distance that defendant’s land extends from Centre street on Leonard street at the party-wall “B.” If there were no words in the deed to the contrary, the inference would be inevitable, that the eastern boundary would be a straight line drawn between the two points, each ninety feet three inches from Centre street. This straight line would go through the center of the party-wall “B.”
It is, however, argued, that the words of the deed necessarily call for the extension of the twenty feet course to the center of party-wall “A.” The words and “Thence south-easterly, and parallel with Leonard street about twenty feet to or opposite to the center of a party-wall or partition now on said premises.”
*409 The rule is invoked that a visible monument referred to will control courses, distances and quantities (Drew v. Swift, 46 N. Y. 204). The course is intended to go to the monument, and the incorrect" statement of the length of the course yields to the fact that it runs to the monument. The ground of this rule and its proper application appear in the opinion in Baldwin v. Brown (16 N. Y. 359). “ The reason is that mistakes are deemed more likely to occur with respect to courses and distances than in regard to objects which are visible and permanent. This, however, is by no means an inflexible rule. When there is anything in the description which shows that the courses and distances are right, they will, of course, control, because the primary object in all cases is to arrive at the real intent of the parties. For instance, when it is apparent upon the face of the deed that the intention was to convey a specific quantity of land, if the courses and distances given would include that precise quantity, but the description by fixed monuments would embrace more or less, it is clear that the former should be followed. To do otherwise would be to defeat the plain intent of the parties.” This was approved in Higinbotham v. Stoddard (72 N. Y. 94), and in Brookman v. Kurzman (94 Ib. 272). In the last case it was said : “In giving effect to such intention, it is also their duty to reject false or mistaken particulars provided there be enough of the description remaining to enable the land intended to be conveyed to be located (Hathaway v. Power, 6 Hill, 453 ; Wendell v. People, 5 Wend. 189 ; Loomis v. Jackson, 19 John. 449). It was said in Robinson v. Kime (70 N. Y. 147), that a conveyance is to be construed in reference to its visible locative calls, as appearing upon the land .... and any particular may be rejected if inconsistent with other parts of the description and sufficient remains to locate the land intended to be conveyed. The rule that a monument controls other positions of the description in a deed is not inflexible ; when the monument is repugnant to another of like character, or a map gives other results, the truth *410 is to be ascertained from all the facts of the case (Townsend v. Hayat, 51 N. Y. 656 ; Higinbotham v. Stoddard, 72 Ib. 94).” The principle is again recognized in Hussner v. Brooklyn City Railroad Co. (96 N. Y. 18) ; Mott v. Mott (68 N. Y. 246), and the cases cited there.
That the party-wall, to which or opposite to which the line of twenty feet is said to run, is the party-wall “A,” seems to be clear. The use of the alternative refers to the fact that there was doubt whether the party-wall ran quite to the rear line of the lots. The phrase is applicable to party-wall “A,” but not “ B,” for that reason.
In considering whether the course or the party-wall “A” controls, it must be noticed that the party-wall is distant from the last point of departure twenty-five feet, nine and a half inches. This is a difference from the course of twenty feet, more or less, of great importance and not likely to occur from imperfect surveying. The words “more or less” are not to be taken to intend to comprize such a possible mistake. These words are not meant to convey an indefinite quantity. They are a guard against inaccuracy (Brady v. Hennion, 8 Bosw. 528). It would be one consequence of extending the line to twenty-five feet and more, that the next or disputed line, would end at a point on Leonard street, that would give the defendant five more feet there, than it is certain the deed intended to give.
The description in the defendant’s deed will not allow the disputed line to run in this way. That line is claimed to run parallel to Centre street, and through the center of party-wall “A” and on a continuation of that center-line, but it is made to end at ninety feet three inches from the corner of Centre and Leonard street. If it does so end and if it be a straight line, beginning at the center of party-wall “A” it will be a diagonal line, leaving the party-wall “A” at a short distance from the point of beginning, running through an alleyway on Leonard street, cutting through beams above that alley and entering party-wall “B” at a short distance from Leonard *411 street. No conceivable state of facts would present a motive for a division of this kind, which, if by chance it had been made at a former time, would have brought about a re-arrangement for convenience of occupation and of sale, that would have been settled in the partition action.
Eunning the line as proposed by plaintiff would give to him possession of the whole of party-wall “A.” And of a part of defendant’s house, indicated along its beams by no supporting partition. Yet if it be run as proposed by defendant it will give him the whole of party-wall “B” and a part of plaintiff’s house on Leonard street. Such a division would be eccentric and inconvenient, but not so eccentric and inconvenient as would be the division made by running the diagonal line, that has been imagined.
All the inferences that have been drawn from the terms of defendant’s deed would be repeated in an analysis of the description of plaintiff’s deed.
The difficulty is solved and the incoherent made coherent by holding that the following are the dominant certainties of the conveyances: On Leonard street the dividing point is the center of party-wall “B,” ninety feet three inches east from the corner of Centre street and Leonard street. The dividing line runs southwardly from that point and parallel with Centre street ninety feet six inches, or ninety-one feet or thereabout, until it meets the rear line of defendant’s premises. The result is, that rear line is found to be twenty feet long more or less, as given in defendant’s deed. If these things are certain, then the deed as a whole does not give the defendant to party-wall “A.” It is certain that the words “to or opposite to ” the party-wall is a mistake in the description of the line of twenty feet, and not the reverse. The former is to be rejected and not the latter. The cases that have been cited say, in substance, that when no other parts of the description should be considered, then simply as between the statement of a length of a line and *412 of the fact that such line runs to a monument, the latter is to be deemed the more certain evidence of the intention, but that other parts of the description may show that the statement of length is the more certain. If the parties were on the land and went over the lines, it would be clear that a declaration or supposed perception that the point referred to was opposite the party-wall, was a mistake in words or of the senses, was an error or inadvertence, shared by both parties.
Judgment should be reversed, new trial ordered, with costs to abide event.
Van Vorst and Freedman, J'J., concurred.