VERNON D. HOWE and Another, Plaintiffs, *v.* FRED W. CORNISH and Another, Defendants.

Supreme Court, Erie County, March 14, 1933.

*Julius Schreiber*, for the plaintiff.

*August Becker*, for the defendants.

CHARLES B. WHEELER, Official Referee. In March, 1922, the defendant Fred W. Cornish acquired title to subdivision lot No. 1 as laid down on a certain map made by E. Spangenberg, surveyor, for William Voetsch, Jr., and filed in Erie county clerk's office under cover 528.

He went into possession of the lot and erected a cottage and garage on it.

A highway known as the Niagara River road runs across lot 1 dividing it into two parts.

Subsequent to acquiring title to lot 1, Mr. Cornish sold and conveyed to parties named in the description hereinafter given, certain portions of lot No. 1.

In 1929 Cornish had negotiations with Mr. Howe for the sale and conveyance to him of the remaining portion of lot 1. Howe knew the premises, and with his wife visited them and looked them over, and saw just what they consisted of.

A price was agreed on and the attorney for Mr. Howe examined the title and drew the deed of conveyance, which contained the usual covenants for quiet possession and that the grantor would warrant the title to the premises conveyed. This deed contained the following description:

"All that tract or parcel of land, situate in the Town of Grand Island, County of Erie and State of New York, and is known and described on a certain map of parts of Lots number 98 and 99 made by E. Spangenberg, Surveyor, for William Voetsch, Jr. and filed in Erie County Clerk's Office under Cover No. 528 Jan. 2nd, 1894, as subdivision Lot Number One (1) as the same is laid down on said map (and being part of the same premises conveyed to William Voetsch, Jr. by William H. Fix by deed dated Jan. 7th, 1892, and recorded in Erie County Clerk's Office in Liber 638 of Deeds at page 196) said lot extending to the bank of Niagara River excepting a public highway therefrom and excepting the premises heretofore conveyed by Fred W. Cornish and wife to Arthur F. Gehrman *et al.* by deed dated August 27th, 1926 and recorded in Erie County Clerk's Office in Liber 1888 of Deeds Page 587 and also excepting the premises heretofore conveyed by said Fred W. Cornish and wife to Clarence A. Polland by Deed dated June 11, 1927, and recorded in Liber 1933 of Deeds at page 526, and also excepting the premises heretofore conveyed by said Fred W. Cornish and wife to William P. Robinson by deed dated June 30, 1927 and recorded in Liber 1945 of Deeds at page 405.

" The premises hereby intended to be conveyed having a frontage of 136 feet or more on the southerly line of Niagara River Road and a frontage of 75 feet on the northerly line of the Niagara River Road and extending to the waters of the Niagara River."

It will be noted that the latter part of the description says: " The premises hereby intended to be conveyed having a frontage of 136 feet or more on the southerly line of Niagara River Road and a frontage of 75 feet on the northerly line of the Niagara River Road."

As matter of fact, the survey subsequently made shows that instead of having a frontage of 136 feet it has only a frontage of 117.15 feet. It is further claimed that instead of a frontage of 75 feet on the northerly side of the road there is only a frontage of 71.55 feet. As to that shortage the referee is not satisfied it exists, owing to the fact that the conveyances out by Mr. Cornish are made on the basis of a 66-foot street or highway whereas the original width of the highway was three rods. The widening of the highway made a difference in the length of the northerly line. This action is brought to recover the value of the alleged shortages. If the plaintiffs are entitled under the description in the deed to the full 136 feet then they are entitled to recover. If, on the other hand, the deed is to be construed as conveying only such part of lot 1 as remained after the conveyances out specified in the deed are deducted, then the plaintiffs are not entitled to recover.

The defendants contend the latter construction must prevail.

In this connection it should be stated that there is no evidence of any fraud on the part of the grantor. While he undoubtedly thought there was 136 feet frontage he simply agreed to sell what he had left of lot 1. No survey was made. In fact Cornish refused to go to the expense of a survey. The clause in the deed which says it was intended to convey " 136 feet or more," clearly indicates an uncertainty as to the exact distance. The referee is of the opinion it was clearly the intention of the parties to sell and buy just the land as it stood disclosed by a personal view of the premises sold. Undoubtedly, however, in disposing of this case the referee must do so by considering alone the covenants contained in the deed in connection with the description used. The first part of the description conveys " subdivision Lot Number One," excepting therefrom the parcels previously deeded out by Cornish to the parties specifically named. This clearly indicates the intention and describes simply what Cornish still owned. Does the erroneous addition of the words " the premises intended to be conveyed having a frontage of 136 feet or more " enlarge the description and warrant 136 feet?

The referee has reached the conclusion it does not. He thinks it appears by the description that Cornish intended to convey only what he owned in lot 1, and that the addition at the end of the description saying he intended to convey 136 feet on the south line of the Niagara River road was a mistake in stating the actual measurement.

In *Brookman* v. *Kurzman* (94 N. Y. 272–276) the Court of Appeals lays down the rule for the interpretation of deeds in the following language: " The long established rules with reference to the construction of descriptions contained in conveyances require courts to adopt such an interpretation thereof as shall give effect to the instrument according to the intention of the parties, if that is discoverable from legitimate sources of information. (*Jackson* v. *Clark*, 7 Johns. 217; *Buffalo, N. Y. & Erie R. R. Co.* v. *Stigeler*, 61 N. Y. 348.) In giving effect to such intention it is also their duty to reject false or mistaken particulars, provided there be enough of the description remaining to enable the land intended to be conveyed to be located. (*Hathaway* v. *Power*, 6 Hill, 454; *Wendell* v. *People*, 8 Wend. 189; *Loomis* v. *Jackson*, 19 Johns. 452.) It was said in *Robinson* v. *Kime* (70 N. Y. 154), that a conveyance is to be construed in reference to its visible locative calls, as marked or appearing upon the land, in preference to quantity, course or distance, and any particular may be rejected if inconsistent with other parts of the description and sufficient remains to locate the land intended to be conveyed. The rule that a monument controls other portions of the description in a deed is not inflexible; when the monument is repugnant to another of like character, or a map gives other results, the truth is to be ascertained from all of the facts of the case. (*Townsend* v. *Hayt*, 51 N. Y. 656; *Higinbotham* v. *Stoddard*, 72 id. 94.)

" In the light of these rules what would have been the clear duty of any party who attempted to locate the land intended to be conveyed by this description? "

The above case is cited with approval in *Masten* v. *Olcott* (101 N. Y. 153), where the gist of the case is stated in the headnote as follows: " The description clause in a deed is to be so construed if possible as to carry out the intent of the parties; for this purpose false particulars in the description are to be rejected and less material points subordinated to the more certain and material ones when there is inconsistency between them; thus monuments generally control courses and distances."

In *Robinson* v. *Kime* (70 N. Y. 147, 154) Judge ANDREWS, of the Court of Appeals, said: " The rule is well settled that a conveyance is to be construed in reference to its visible locative calls, as marked

or appearing upon the land, in preference to quantity, course, or distance; and any particular may be rejected, if inconsistent with the other parts of the description, and sufficient remains to locate the land intended to be conveyed." (Citing *Hathaway* v. *Power*, 6 Hill, 454; *Drew* v. *Swift*, 46 N. Y. 204.) (See, also, *Hunter* v. *Van Keuren*, 130 Misc. 599; *Northrup* v. *Sumney*, 27 Barb. 196; 13 Cyc. 630, and cases cited.)

Applying these general rules to the case in hand the referee can reach no other conclusion than that the plaintiff cannot recover. It was intended to sell and to buy only so much of lot 1 as the defendant Cornish owned, and it is so manifest by the description used.

The complaint is, therefore, dismissed.

It only remains to dispose of the question of costs. The defendants asked for a reformation of the deed. We think it unnecessary and doubtful under the circumstances whether such a reformation can be had. On the other hand, the plaintiff sought judgment not only against Cornish, but also against his wife who is made a party defendant. Fred W. Cornish alone joined in the warranty, his wife joining in the conveyance to bar her right to dower. No judgment could in any event be rendered against her. Under all the circumstances we think the complaint should be dismissed, without costs to either party.

So ordered.