Hallas *v.* Bell.

## MATILDA HALLAS *vs.* JAMES BELL.

In order to avoid a subsequent grant, under the statute concerning the conveyance of lands adversely possessed, the prior possession must be under claim of some specific title. The title under which the prior possession is claimed to be held must cover the premises.

If the lines under the first grant are erroneously located, so as to embrace more land than is actually covered by such grant, the subsequent grant of the land contiguous to the first is not affected, as to that portion thus erroneously included within the lines by the first grantee, though actually occupied, and claimed by him under his grant.

The "claim" to the land possessed must be "under a title," or it will not affect the subsequent grant, otherwise valid, of the disputed territory. If the prior adverse possession has continued for a period of twenty years, "under *claim* of title," such claim will be good against the legal title; even though a portion of the premises so possessed is not covered by the conveyance.

Where, in an action for trespass on land, it is determined by the verdict that the grant to the plaintiff did not cover the land in dispute, but that it was embraced in a subsequent conveyance from the same grantor to the defendant, the claim of the plaintiff is not "under," but outside of his title, and the defendant's grant of the disputed piece, is valid.

THIS was an action for trespass on land. The land was a small gore or strip lying in the city of Auburn, originally owned by Dyer Palmer, the common source of title, and conveyed to the plaintiff, by deed dated October 15, 1859, and subsequently to the defendant by deed dated April 14, 1864.

The action was commenced in a justice's court. The defendant interposed a plea of title, and thereupon the

plaintiff brought an action in this court, which was tried at the circuit, before a justice of this court and a jury, and a verdict found for the defendant. The plaintiff moved for a new trial, on the judge's minutes, which motion was granted; and the defendant appealed.

*Geo. Rathbun,* for the appellant.

*Jas. R. Cox,* for the respondent.

*By the Court,* JOHNSON, J.  This is an appeal from an order granting a new trial by the justice holding the circuit, at which the action was tried, upon his minutes. The question tried was whether the small strip, or gore of land, on which the trespass complained of was alleged to have been committed, was covered by the plaintiff's deed; and the jury, by their verdict, found that it was not, but that it had been conveyed to the defendant by the same grantor, by a deed of a subsequent date.  The new trial was granted, as appears by the opinion of the learned justice who tried the action, upon the sole ground that it appeared from the evidence, without contradiction, that the plaintiff was in the actual possession of said strip, or gore, and had it enclosed, and was cultivating the same, and claiming it as part of her lot, under her deed, when the defendant took his conveyance of the adjoining lot. This, it was held, rendered the defendant's deed to that portion of his lot embraced within this gore void as against the plaintiff's deed, under the statute concerning the conveyance of lands adversely possessed. (1 *R. S.* 739, § 147.)  This was erroneous.  The Court of Appeals, in *Crary* v. *Goodman,* (22 *N. Y. Rep.* 170,) decided that in order to avoid a subsequent grant under this statute the prior possession must be under claim of some specific title. The title under which the prior possession is claimed to be held, must cover the premises.  If the lines under the

Crossman *v.* Bradley.

first grant are erroneously located, so as to embrace more land than is actually covered by such grant, the subsequent grant of the land contiguous to the first, is not affected, as to that portion thus erroneously included within the lines by the first grantee, though actually occupied and claimed by him under his grant. This decision of the Court of Appeals seems to have escaped the notice of counsel on both sides, as it is not referred to in their points, nor in the opinion at special term. It is, however, entirely decisive of the question here presented. The cases are precisely alike, except in the quantity of land affected by the erroneous location of the boundary line. The "claim" to the land possessed, must be "under a title," or it will not affect the subsequent grant, otherwise valid, of the disputed territory. If the prior adverse possession has continued for a period of twenty years, "under claim of title," such claim will be good against the legal title, even though a portion of the premises so possessed is not covered by the conveyance. (2 *R. S.* 294, § 82.)

It is determined by the verdict that the grant to the plaintiff did not cover the gore in question, but that it was embraced in the subsequent conveyance to the defendant. Her claim was not, therefore, "under," but outside of her title, and the defendant's grant to the disputed piece is valid. The order granting a new trial must, therefore, be reversed, a new trial denied, and judgment ordered for the defendant on the verdict.

[Monroe General Term, March 1, 1869. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]