PATRICK ROGERS, Appellant, *v.* HARRIET SINSHEIMER, Respondent.

S., owning two adjoining lots, erected a house on each, with a party wall between them. He conveyed one lot to plaintiff's and one to defendant's grantor, by deeds recorded the same day. The description in the former deed conveyed the party wall and two inches beyond. Plaintiff brought action to recover possession of the strip from the centre of the party wall to the boundary line. *Held*, that plaintiff's premises were charged with a servitude of having the wall stand as an exterior wall to defendant's house and as a support to its beams so long at least as the buildings should endure; that the right to use the party wall necessarily carried with it the right to occupy the two-inch space with the timbers which were to find support in the wall, and to have the buildings and wall remain as they were at the time of the conveyances from S., while they endure; that actual possession, therefore, could not be given to plaintiff.

As to whether an action of ejectment would lie in such case, *quere.* At least all plaintiff could recover would be the fee, subject to the easement.

(Argued December 11, 1872; decided January 21, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing judgment in favor of plaintiff entered upon the report of a referee, and granting a new trial.

This action was brought to recover possession of a strip of land in the city of Brooklyn, six inches wide.

About nineteen years before the commencement of this action J. S. T. Stranahan was the owner of two adjoining lots of land in said city, and built thereon two houses, separated by an eight-inch party wall. He conveyed the easterly lot to Hiram

Travis and the westerly one to Nathaniel Travis. The deeds were recorded at the same time. The description in the deeds gave courses and distances. No reference was made to the party wall. There was a controversy as to the starting point in the deeds; but, assuming it to be as was claimed by plaintiff (which claim was substantially admitted upon the trial), the deed to Hiram Travis carried his title two inches west of the party wall. Plaintiff acquired title through several *mesne* conveyances to the lot deeded to Hiram Travis, and defendant was the owner and in possession of the westerly lot as grantee of Nathaniel Travis.

*A. Dickinson* for the appellant. Defendant cannot claim title adverse to plaintiff under her deed, for it does not include the premises. (5 Denio, 426; 9 Wend., 517; 13 Barb., 147; 14 id., 450; 33 id., 277; 53 id., 247.) No easement is established. (*Butterworth* v. *Crawford,* 46 N. Y., 349.)

*Ira D. Warren* for the respondent. Plaintiff's premises are charged with the servitude of having the wall stand as an exterior wall to defendant's house as long as the buildings endure. (Washburne on Easements and Servitudes, 2 ed., 76, 78–80; *Lampman* v. *Milks,* 21 N. Y., 513, 514; *Huttemeier* v. *Albro,* 18 id., 48; *Eno* v. *Del Vecchio,* 4 Duer, 53; *Partridge* v. *Gilbert,* 15 N. Y., 601; *Lasala* v. *Holbrook,* 4 Paige, 169; *Thayer* v. *Payne,* 2 Cush., 327; *Underwood* v. *Carney,* 1 id., 85; *Hendrick* v. *Starks,* 37 N. Y., 106; *Kilgour* v. *Ashcom,* 5 Harr. & J., 62; *Seymour* v. *Lewis,* 13 N. J., 439; *Eilhoff* v. *Sallee,* 14 Ohio, 10; *Jackson* v. *Gardner,* 8 John., 394; *Jackson* v. *Van Corlear,* 11 id., 123; *Fettrech* v. *Leamy,* 9 Bosw., 510; 2 Wash. on Real Estate, 1 ed., 78; *Laverty* v. *Moore,* 33 N. Y., 658; *Keteltas* v. *Penford,* 4 E. D. Smith, 122.) Courses and distances must give way to natural or ascertained objects or bounds called for by a grant. (*Wardell* v. *Jackson,* 8 Wend., 183; *Jackson* v. *Ives,* 9 Cow., 661; *Smith* v. *McAllister,* 14 Barb., 434; *Jackson* v. *Camp,* 1 Cow., 605.)

RAPALLO, J.   From the facts found and admitted it appears that the two houses and lots, now owned by the parties to this action respectively, were originally owned by one Stranahan. He had erected the two houses thereon, and made the wall in question a party wall, between them.   By two deeds, both dated and recorded at the same time, he conveyed the easterly lot to the grantor of the plaintiff, and the westerly lot to the grantor of the defendant, by a description which is claimed by the plaintiff to have so located the line of division as to throw the whole of the wall, and two inches of land on the westerly side thereof, within the boundaries of the plaintiff's lot.

Assuming that the plaintiff is right in his construction of the description, yet the wall being a party wall, and, at the time of the conveyance, serving as a support for the beams of the house erected on the lot now of the defendant, the premises now owned by the plaintiff were charged with the servitude of having the beams of that house supported by the wall in question, and of having the wall stand and serve as an exterior wall for the defendant's house, so long, at least, as the buildings should endure.

This servitude was both continuous and apparent; being one which would be discovered on an inspection of the premises by one reasonably familiar with the subject.   (*Butterworth* v. *Crawford*, 46 N. Y., 349.)   A mere measurement of the house would have disclosed it.   Consequently, on the severance of the two properties, the grantee of the westerly lot acquired an easement corresponding with the servitude to which the easterly lot was subject.   (*Lampman* v. *Milks*, 21 N. Y., 505, 509, 513 ; *Kilgour* v. *Ashcom*, 5 Harr. & Johns., 82.)   The right to use the wall as a party wall necessarily carried with it the right to occupy the space of two inches intervening between the wall and the easterly boundary of the defendant's lot with the timbers which were to find support in the wall, and to have the building and wall remain as they were at the time of the conveyance from Stranahan, at least so long as the building and wall should endure.

The title of the plaintiff to the strip in controversy, if he has one, is therefore subject to this easement, and a judgment awarding to him the unqualified possession of the land was erroneous. Actual possession could not be given to the plaintiff without interfering with the defendant's easement. The conclusion of law of the referee was, that the plaintiff recover possession of the land described in his complaint, and judgment was entered accordingly. That judgment would have entitled the plaintiff to the ordinary writ of possession, and justified the removal of the wall, and so much of the defendant's house as stood on the east side of her true line.

The General Term was clearly correct in reversing that judgment. It is very doubtful whether an action of ejectment lies in this case; the land being subject to an easement, inconsistent with actual possession being taken by the plaintiff. *Brondage* v. *Warner* (2 Hill, 145) is an authority against such an action. (*Bradbury* v. *Coney*, 59 Maine, 494.) *Blake* v. *Ham* (53 id., 430) and authorities cited seem to sustain the action. But, at all events, the only interest the plaintiff could recover would be the fee subject to the easement; and the nature and extent of his interest must be specified in the verdict or finding. (2 R. S., 303, §§ 2, 3; id., 307, § 30; *Goodtitle* v. *Alker*, 1 Burr., 133.)

Without deciding that, in any case, a plaintiff, not entitled to actual possession, can maintain ejectment, we hold that in this case the plaintiff was not entitled to the absolute judgment for possession which was rendered on the report of the referee, and that such judgment was properly reversed at General Term. If the plaintiff desired to test his right to recover a qualified possession of or interest in the land, he should have gone to a new trial.

The order of the General Term must be reversed, and judgment absolute entered against the plaintiff on his stipulation, with costs.

All concur.

Judgment accordingly