JACOB VROOMAN, APPELLANT, *v.* ALBERT JACKSON, RESPONDENT.

*Party wall — projection of, or cornice — ejectment — amendment of complaint.*

Where the owner of one of two adjacent houses, separated by a party wall, places upon the top thereof a cornice which projects over the lot of the adjoining owner, an action of ejectment cannot be maintained against him by such owner, on account of such unlawful interference with his rights.

Where in such a case from the allegations contained in the complaint, the court decides the action to be one of ejectment, the plaintiff cannot be allowed to amend his complaint upon the trial, and proceed as though the action were brought to restrain an unlawful interference with his rights as owner of the adjacent lot.

What allegation in the complaint will render the action one of ejectment considered.

APPEAL from an order made by the justice before whom the action was tried, upon a motion made upon his minutes, setting aside the verdict and granting a new trial.

The action was brought to procure the removal of a structure, erected by the defendant, extending over plaintiff's premises. The complaint, after setting forth the plaintiff's title to the lot, proceeded :

"And the plaintiff further shows that being so possessed, and afterward and on the 16th day of June, 1874, the defendant unlawfully entered into and upon said premises and the buildings thereon situate, without leave of the plaintiff or any right or title thereto, and took possession of a portion thereof and built and erected and extended his building in, over and upon the said premises of the plaintiff, resting the same upon the walls and foundation upon the north-westerly side of the plaintiff's house erected thereon. That said defendant then wrongfully took possession and still continues to occupy, with his said building, a space of from two and five-eighths of an inch in width to three and three-quarter inches in width of the building of the plaintiff, beginning on the eaves on the front or street side of the plaintiff's dwelling-house aforesaid, and extending from the street to the rear of his said house about twenty feet; that the defendant withholds from the plaintiff the possession thereof to his damage in the sum of fifty dollars.

"Wherefore, the plaintiff demands the judgment of this court, that the said defendant forthwith remove from the said premises, and deliver up the possession of the same to the plaintiff, and that the defendant pay to the plaintiff, the sum of fifty dollars, for his damages for the detention thereof by the defendant, besides the costs of this action."

It appeared upon the trial, that the plaintiff and defendant owned adjoining houses, each two stories high, and having a common partition between them framed into both. They derived title by separate conveyances from a common grantor. The defendant proceeded to construct a third story to his house, and in so doing elevated the easterly wall of his third story, i. e., the wall toward plaintiff's house, and along the top of the side of his third story, constructed a molding which projected from the side one and one-half inches easterly, i. e., toward plaintiff's house. Evidence was given by the plaintiff, tending to show that the defendant's third story, projected easterly beyond the line of the partition wall, below and beyond the dividing line of the premises. Evidence was given by the defendant tending to show that it did not.

*E. W. Paige* and *Alex. J. Thomson*, for the appellant.

*S. W. Jackson*, for the respondent.

BOOKES, J.:

This is an appeal from an order, granting a new trial on the minutes of the judge.

The motion was made and granted, on exceptions and for the insufficiency of the evidence to support the verdict.

The first question presented on the appeal arises on the exceptions. The plaintiff's counsel, in opening the case, stated that the parties owned adjoining houses, each two stories high, and that the defendant, in constructing a third story to his house, projected and extended it from two to five inches over the house of plaintiff which (projection and extension) constituted the cause of action. The defendant's counsel thereupon moved on the opening for a nonsuit, on the ground that ejectment would not lie for the cause stated, and insisted that the complaint was for the recovery of the possession of real property. The motion was denied, and the defendant's counsel excepted.

The motion was renewed, substantially on the same ground, when the plaintiff rested his case on the proof, and again at the close of the trial. The court held and decided that the action was not ejectment, and denied the motion, to which ruling and decision the defendant's counsel excepted. It may be here stated that no right of action in ejectment was established by the proof. The contrary, I think, cannot be maintained. I am of the opinion that the cause of action stated in the complaint is ejectment, hence that the ruling of the learned judge at the trial was erroneous.

Stripped of verbiage, in no way material to any cause of action, mere redundancy, the complaint is ejectment, pure and simple. It avers seizure and right of possession in the plaintiff of certain premises, giving particularity of description; a wrongful entry thereupon by the defendant, and their wrongful possession and detention by him; with damages by reason thereof; and judgment for the possession with damages is demanded. There is no suggestion in the complaint that the action is for any cause, other than for a direct intrusion upon the freehold, by an unlawful entry upon and wrongful possession and detention thereof, no intimation that the ground of complaint is, because of the construction and maintenance by the defendant of a projection, from his wall or building, over the plaintiff's premises, high in air. The complaint

simply charges an ouster and tortious possession and detention by defendant, with resulting damages — simply a cause of action in ejectment — and the learned judge was in error in holding to the contrary, and permitting a recovery for a cause of action, other than that stated in the complaint. Considered on the evidence, the case is not one of mere variance between the pleading and the proofs, to be helped out by amendment.

The cause of action counted on, and the one sought to be proved, differ in their entire scope. The one is to recover the possession of real property wrongfully withheld, the other to prevent or restrain an alleged unlawful interference with a right incident to property *in possession*. For this latter cause of action, ejectment will not lie. This was held in *Aiken* v. *Benedict* (39 Barb., 400), overruling *Sherry* v. *Frecking* (4 Duer, 456). The cause of action sought to be proved, and certified by the jury, is technical in the extreme. The defendant may, therefore, insist upon a careful, critical, even technical reading and construction of the complaint.

If the above conclusion as to the nature of the action stated in the pleading be sound, the judge was in error in holding that it was not ejectment; and he very properly granted the motion for a new trial for that reason.

But let it be admitted that the projecting " molding along the top of the side " of the defendant's third-story wall constitutes the gravamen of action charged in the complaint, and I am of the opinion that the verdict was properly set aside for insufficiency of evidence to uphold it.

The partition wall between the houses of the parties was a party wall. The premises of each party were charged with the servitude, of having such wall stand and serve as an exterior wall for the house of the other; and this easement includes the right to increase the height of the wall, provided such increase could be made without detriment to the strength of the wall, or to the property of the adjoining owner. (*Rogers* v. *Sinsheimer*, 50 N. Y., 646; *Brooks* v. *Curtis*, id., 639; *Nash* v. *Kemp*, 49 How. Prac. Rep., 522.) There is no question but that this party wall, truly designated the locality of the true line between the premises owned by the respective parties; therefore, the measurements from Jay street are of little, if any, importance. According to the deeds under which the parties took

title, and to their occupation thereunder, this wall was the separating line between them, and it was a *party wall*.

This wall was four inches — perhaps a trifle more — in width at the top of the defendant's second story ; and the defendant had the right, according to the decision in *Brooks* v. *Curtis* (*supra*), to carry it up its entire width in the construction of his third story. Instead of carrying it up flush with its east side, as he might lawfully have done, he set back the studding of his third story, and finished upon that, leaving at least one inch and three-fourths of an inch on the east which he might have occupied with the wall. At the top and along the face of his erection, on the east, was placed a light molding, two and five-eighths inches in thickness. Thus, according to what I regard as a very favorable view of the evidence for the plaintiff, the projection of the molding, east from a line vertical with the east face of the party wall, would be but seven-eighths of an inch.  But the evidence will bear a construction, which would reduce the projection, to a quarter of an inch or less, if not, indeed, show that there was no projection whatever, east of a line vertical with the east line of the party wall.  In my judgment, the evidence is insufficient to support the verdict.

It is not deemed necessary to consider the question whether, inasmuch as the defendant had the right to raise the party wall, he might not also protect it by a projecting cap, if so constructed and situated in regard to the plaintiff's property that it did not, and could not, by any possibility, do him any injury.  This point need not be here discussed.

The order appealed from should be affirmed with costs.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Ordered accordingly.