## HARRIS *et al.* *v.* OAKLEY.

*(Supreme Court, General Term, Fifth Department. June, 1888.)*

1. **DEED—DESCRIPTION—CALL FOR DISTANCES.**
     The owner of a lot in the city of Rochester, of the area of about one-half acre, rectangular in form, fronting 274 feet on a street, and abutting on the rear for the same distance on a canal, the location of both as well as the other lines being undisputed, conveyed a portion, by description, of "137 feet front and rear, measuring from G. H.'s north line on G. street, and also 137 feet from G. H.'s south line on the canal; being the piece of land occupied as a garden by the grantor." The lot was divided by a fence, one side being used as a garden; the fence starting on G. street midway, but striking the back line at the canal at a point 19½ feet from the middle of the lot. The fence was not mentioned in the deed. *Held,* that the reference to the garden was too indefinite to control the calls for exact distances from known bounds, and the divisional point on the canal should be located 137 feet from G. H.'s line.

2. **SAME—WHEN VOID—LAND IN POSSESSION OF ANOTHER.**
     3 Rev. St. N. Y. p. 2196, § 147, providing that conveyances of land, in the actual possession of another, claiming under an adverse title at the time of the delivery thereof, shall be absolutely void, does not apply to a case where the both parties claim under a common grantor, and the party in possession, by mistake in the construction of his deed, holds land not embraced therein.

Appeal from circuit court, Monroe county.

Appeal by the plaintiffs from a judgment in an action of ejectment tried at the Monroe circuit, and from an order made at special term denying their motion for a new trial founded on a case and exceptions. The premises are situated in the city of Rochester, and consist of a triangular parcel of land; the base-line of which is also the east line of the premises described in the complaint, and is 19½ feet in length, and bounded by a line which formerly was the west bank of the Genesee valley canal,—the hypothenuse extending from the canal to Genesee street, the exact length of which is not mentioned in the description, and cannot be determined from the other papers in the case.

Argued before BARKER, P. J., and BRADLEY and DWIGHT, JJ.

*Horace McQuire,* for appellants.    *W. H. Whiting,* for respondent.

BARKER, P. J. At the close of the plaintiffs' proofs their complaint was dismissed on the defendant's motion, and an exception was taken to the ruling. It is stated in the record that the defendant moved for dismissal of the plaintiffs' complaint upon the ground that it appeared from the evidence that, at the time the plaintiffs accepted their deed of the premises in dispute, the defendant was in the actual occupation of the same, claiming title thereto under a deed from one Hulin, who was the common grantor of the parties. On the argument of this appeal the learned counsel for the respondent contended that, from the evidence, it appeared that, at the time the conveyance was made to the plaintiff of the lands in dispute, they were in the actual possession of the defendant, claiming title thereto under a title adverse to that of the plaintiffs' grantor, and for that reason the conveyance was void under the provisions of the champerty act. 3 Rev. St. (7th Ed.) p. 2196, § 147. The grounds stated by the defendant on his motion for a nonsuit, as appears by the record, are essentially different from the one argued before us; for on the trial it was not contended that the defendant was in possession under a claim of title adverse to that of the plaintiffs' grantor; but as the ground stated in the case would not vitiate the plaintiffs' deed, if true, we have concluded to consider the legal proposition, as now presented, as having been made on the trial, and that the case does not correctly state the legal proposition as presented to the trial court. The motion for a new trial was made before the judge who presided at the circuit, and in a memorandum of his decision made on denying the motion, he states, in substance, that the nonsuit was not granted on the sole ground stated in the case, but also upon the further ground that, by the proper construction of the several deeds under which the respective parties claimed the land in dispute, the title thereto was in the defendant. The proposition last stated will be first considered; for, if by a proper construction of the description of the lands contained in the several deeds put in evidence the conveyance to the plaintiff does not embrace the lands in dispute, the judgment cannot be disturbed. The history to the title of the lands in dispute may be briefly stated, so far as the same is important in disposing of this question. In 1847 one Hulin, the common grantor of the parties, became the owner, by a conveyance from Joseph Edgell, of a parcel of land, consisting of about one-half of an acre, which was described in his deed as follows: All that tract or parcel of land situate in the town of Gates, situated and lying on the west side of the Genesee valley canal, and bounded on the west side by the Balentine or Bullshead road, (now Genesee street,) on the north by the China road, (now Brook avenue,) and on the south by the lands of Silas A. Yerkes, (now George Harrison's.) On the 10th day of January, 1883, Hulin conveyed to the defendant and another the north part of the said lot; and in the description, as therein set forth, the entire parcel or lot was first described by adopting the description contained in the deed conveying the said parcel to Hulin, followed by an exception, embracing the south part of the lot, in the words following: "Excepting and reserving one hundred and thirty-seven (137) feet front and rear, measuring from George Harrison's north line on

Genesee street, and also one hundred and thirty-seven feet (137) from George Harrison's north line on the Genesee valley canal; being the piece of land occupied as a garden by said Hulin." Afterwards, and on the 7th day of May, 1883, Hulin sold and conveyed the south part of the lot being the part before mentioned as reserved to himself, to the plaintiffs; and in the deed the entire lot is first described by using and adopting the same description as is contained in the original deed to himself, and then excepting and reserving from the premises described that portion thereof conveyed by the party of the first part to Sylvanus H. Oakley and another by deed dated January 10, 1883, recorded in Liber 361 of Deeds, at page 341, in Monroe county clerk's office. It is thus clearly established that Hulin, the common grantor of the parties, intended to convey to them in severalty the entire lot, and to establish a boundary line between the parties, so that the same should bound the plaintiffs' parcel on the north and the defendant's on the south. It is conceded that the south boundary of the lot is well known and established, and so is the north boundary line of George Harrison's lands mentioned in the several deeds. The true and correct description of the plaintiffs' lands is to be found in the defendant's deed describing the lands excepted from the effect and operation of his deed. The question is thus presented to us in the same form, and is to be determined by the same rules of construction, as if Hulin had conveyed to the plaintiffs the south part of the lot before he conveyed to the defendant the north part thereof, and had described the plaintiffs' parcel therein precisely as the parcel excepted from the general description used in the defendant's deed as there bounded and described. By a reference to a description of the lands conveyed to the defendant, it will be observed that they are first described definitely by courses and distances, being 137 feet front on Genesee street, and 137 feet rear along the canal commencing on George Harrison's north line, the location of which is not disputed; and then a general description is given as follows: "Being the piece of land occupied as a garden by said Hulin." The oral evidence shows that the last or general description is somewhat inconsistent with the first, and more definite, one. If the first is adopted as being the one which correctly expresses the intention of the parties, then the lands in dispute were not embraced in the defendant's deed. The defendant's counsel claims, however, that the parol proofs show that the piece of land occupied as a garden by Hulin was marked and distinguished from the balance of the lot before either of the said conveyances were made by its long and continued use for garden purposes, and by artificial structures, such as fences and buildings, which should control the courses and distances as given in the description, as to the length of the rear line of the land conveyed to the plaintiff along the canal; and seeks to apply, in support of his contention, the well-established rule of law that courses and distances and quantities must yield to natural or artificial monuments or objects; and that courses and distances must be varied so as to conform to the natural or ascertained objects or bounds call d for by the grant. *Wendell* v. *People,* 8 Wend. 183. The artificial lines and monuments relied upon by the defendant, as constituting the south boundary line of the piece of land used as a garden, consisted at the time of the conveyance to the defendant of a board fence of long standing and partially broken down, and running from Genesee street to the canal on the line claimed by the defendant, and some barns and sheds standing near and north of the same; and that the land on the south side of the fence was used for garden purposes. It will be observed that nowhere in the description, in either of the deeds, is any reference made to the fence, which is the only structure of any kind which stands on the line claimed by the defendant.

We think, on the whole case as it is now presented, the defendant's contention cannot be upheld, as the rule which he invokes is not inflexible, but has some exceptions. It applies with less force to monuments which are artificial than to natural and permanent objects; and, when there is anything in

the description which shows that the courses and distances are right in themselves, they will prevail, because the primary object is in all cases to carry out the intention of the parties; as when it is apparent from the fact of the deed that the intention is to convey a specific quantity of land, if the courses and distances would include such quantity, and the description by monuments would embrace more or less, the former should be followed. *Higinbotham* v. *Stoddard,* 72 N. Y. 94. Where there is nothing in the conveyance to control the courses and distances, the line must be run according to the courses and distances given in the description of the premises. *Wendell* v. *People, supra.* And also where a practical location of the premises cannot be made to correspond to all the calls in the grant, certain legal rules must be observed in restraining some of the calls and rejecting others; and if, from the whole case, the manifest intention of the parties can be ascertained by adopting some portion of the same, they should be taken, and the others rejected. We think the intention of the parties to the deed from Hulin to the defendant cannot be in doubt, in view of the location, extent, and value of the property. The map printed in the case gives the correct location and form of the lot, which was bounded on two sides by public streets, and in the rear by the Genesee Valley canal, now used and occupied for railroad purposes. The same contained one-half acre of land, having a front of 274 feet on Genesee street, and was about 70 feet deep, and rectangular in form. If the courses and distances mentioned are allowed to prevail over the artificial structures or monuments relied upon by the defendant, then the lot will be divided into equal parts, each being rectangular in form. No suitable reason can be given why Hulin should purposely and effectually reserve to himself one-half of the front, and at the same time shorten the rear line by $19\frac{1}{2}$ feet, leaving both parcels irregular in shape, and materially diminishing the value of one without increasing that of the other. At the time of the sale it is to be presumed that the parties were upon the ground, and there must have been an actual measurement; at least of the front on Genesee street; for nothing appears in any of the descriptions given by which the length of that line could be otherwise determined. That line is not now in dispute. The distance given as the front on Genesee street is admitted to be correct. For these reasons our minds are brought to the conclusion that the intention of the parties in establishing the boundary line is correctly expressed in the language used in the deed to the defendant, viz.: "Excepting and reserving one hundred and thirty-seven feet front and rear, measuring from George Harrison's north line on Genesee street, and also one hundred and thirty-seven feet from George Harrison's line on the Genesee Valley Canal." And what follows in the description was intended to be a general reference to the parcel of land conveyed, and is too indefinite and uncertain to control the call for the courses and distances specifically mentioned in other parts of the description.

The deed from Hulin to the plaintiff was not void under the act against champerty; which provides that every grant of land shall be void if, at the time of the delivery thereof, such land shall be in the actual possession of a person claiming under a title adverse to that of the grantor. The defendant's title was derived from the plaintiffs' grantor, and, although he was in the actual possession of the premises at the time the plaintiffs received their conveyance, his possession was not under a claim of title adverse to Hulin's title, who was the common grantor of the parties. By mistake he was occupying, under his deed, more land than was conveyed to him thereby; which makes the case before us precisely similar to that of *Crary* v. *Goodman,* 22 N. Y. 170, where the question here presented was decided adversely to the views of the defendant. See, also, *Dawley* v. *Brown,* 79 N. Y. 390; *Smith* v. *Faulkner,* 48 Hun, 186, (decided by this court at the March term, 1888.) The title under which the prior possession is claimed to be held must cover the premises. The lines under the first grant are erroneously located, so as to embrace

more than is actually covered by such 'grant. The subsequent grant of the land contiguous to the first is not affected as to that portion thus erroneously included within the lines of the first grantee, though actually occupied and claimed by him under his grant. *Hallas* v. *Bell*, 53 Barb. 247. The judgment and order are both reversed, and new trial granted, with costs to abide event.

DWIGHT, J., concurs. HAIGHT, J., not sitting. BRADLEY, J., concurs in the result.