### MARY E. CARLTON *vs.* JOHN Q. BLAKE.

Suffolk.    March 19, 1890. — September 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Party Wall — Right to build upon.*

If the owner of adjoining lots of land covers them with two houses having one wall between them, one half on each lot, and then sells and conveys one lot without referring to the wall, the division line being run by courses and distances through the centre thereof, there is an implied grant of a party wall, whether the building is conveyed under the description of the lot or by designation as a building; and the purchaser may build up such party wall to a greater height to support an addition to his building, doing no injury to the owner of the other lot.

BILL IN EQUITY, filed February 25, 1889, by the owner of a lot of land on Tremont Street in Boston, on which was a brick dwelling-house covering its entire width, against the owner of the lot adjoining, on which was a like house similarly built, to compel the removal of an addition built upon the wall separating the two houses, so far as such addition rested upon the portion or half of the wall which was on the plaintiff's side of the division line of the estates.    Hearing before *Knowlton,* J., who made the following findings of fact.

The lots, upon which the houses of the plaintiff and defendant stand, in 1855 formed a part of a larger lot of land belonging to the city of Boston.    In that year, the city, having divided the

land into lots according to a plan, made several contracts in writing, one for each lot, and identical except as to the description of the premises to which it referred, with one Tarlton, for the sale of the land and the erection of houses upon it. Each contract provided for the conveyance of the lot to which it referred, upon payment of the purchase money, to Tarlton, or to such person or persons as he should designate by a writing upon it. The contracts described the lots to which they referred by courses and distances with reference to the plan, and each contained the condition that " the building which may be erected on this lot shall be of a width equal to the width of the lot upon which it may be erected, and shall cover the whole front of such lot as represented upon the plan." In the same year, one Sperry, to whom the contracts were assigned, built a block of ten brick houses covering the lots. Soon after they were built, the lots and the houses thereon were conveyed to different owners by the city, in accordance with the contracts, by warranty deeds, each containing the same conditions and the same description of the premises as the corresponding contract, as well as the following: " It is understood that the building at present erected upon the said lot is constructed in conformity with the above conditions, and is satisfactory to the said city of Boston." No reference was made to the division walls between the houses either in the contracts or in the deeds, but by the courses and distances the division line between any two houses was the centre of the partition wall. The houses were built in a continuous line, with a pitch roof descending towards the front and toward the rear from a ridgepole which ran parallel with the street, the water being carried off in a common conductor. The partition walls were of brick, eight inches thick, with the division line of ownership running through the middle of them, and they extended to the roof. On each side of each partition wall, and close to it, was a rafter extending from the eaves to the ridgepole, and the boards of the roof and the slate upon the boards rested on the rafters and covered the partition walls. In 1871, the defendant and the owners of some of the other houses in the block raised the roofs of their houses, and built up the partition walls so as to make another story out of what had before been an attic, and made the roof nearly flat. The narrow strip of roof

between the rafters directly over the wall between the defendant's house and the house which the plaintiff now owns was cut out, and the brick wall was carried up, eight inches thick, to a line a short distance below the ridgepole. Four inches of the thickness of this wall was on the defendant's land, and four inches on land which now belongs to the plaintiff. The connection between this wall and the roof on the plaintiff's house was properly finished, and the whole was done in a thoroughly workmanlike manner. The partition walls and their connections with each other, except as before stated, have remained unchanged. It did not appear that any injury was done to the property now owned by the plaintiff, or that the plaintiff's enjoyment of the property had ever been or is likely to be unfavorably affected by the change.

The judge dismissed the bill; and the plaintiff appealed to the full court.

*S. W. Harmon*, for the plaintiff.

*G. A. Blaney*, for the defendant.

W. ALLEN, J. When the houses were built, the legal title to the land was in the city of Boston. They were built as houses in a block, by one Sperry, who held contracts from the city of Boston to convey them to him, or to his appointee or appointees. After the houses were built, they were conveyed to different owners by the city of Boston at the request of Sperry. The descriptions in the deeds were the same as in the contracts respectively. One provision in each was, that the building erected on the lot should be of the width of the front of the lot, and should cover the whole front of the lot, and in the deed it was recited that the building already erected thereon conformed to the conditions. There is nothing in the contract or deed in relation to party or division walls.

When Sperry built the houses, he did not build a separate wall for each house on the line between the lots, but one wall for both houses, one half of which was upon each lot, and this was a party wall. When he, by the city of Boston, conveyed each house, he conveyed it by a description of the lot passing through the centre of the party wall, and by necessary implication he conveyed the party wall. The severance of the ownership of the two houses, of each of which the wall formed a part, put

upon each the burden and the privilege of a party wall. There is an implied grant of a party wall in the house conveyed when the line is run by courses and distances through the middle of the wall of both houses, as well as when it is described as running through the middle of such wall. It is the actual existence of the wall as a part of both houses, and not the reference to it as a monument, from which the grant and reservation are implied. As regards the wall, it is immaterial whether the buildings are conveyed under the description of the lots or by designation as buildings.

The case cannot be distinguished from *Everett* v. *Edwards*, 149 Mass. 588; *Richards* v. *Rose*, 9 Exch. 218; and *Rogers* v. *Sinsheimer*, 50 N. Y. 646.

The wall being a party wall, the defendant had a right to build it up as he did. *Everett* v. *Edwards*, 149 Mass. 588.

*Decree affirmed.*