PRIEST *v.* TALBOTT.

BUILDING REGULATIONS; PARTY WALLS.

1. *Quære,* whether section 62 of the building regulations of this District relating to party walls, applies to that portion of the District outside of the city of Washington, and if so whether the regulation and the act of Congress authorizing it to be made, are, to that extent, constitutional, as an attempt to authorize the taking of private property for private use.

2. P, the owner of two vacant and adjoining lots, built a house on one of them with a party wall on the dividing line between the lots extending an equal distance on each lot. He sold the lot so improved to D, who in turn sold it to T. Thereafter P built a house on the lot retained by him using the party wall to the extent that it extended on his lot. In an action brought by T against P to recover one-half of the value of the wall, it was *held*, that section 62 of the building regulations of this District providing that " the first builder of a party wall shall be reimbursed one moiety of the charge of such party wall, or so much thereof as the next builder shall have occasion to make use of, before such next builder shall in any wise use or break into the wall," did not apply and T could not recover.

No. 965. Submitted April 6, 1900. Decided May 4, 1900.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon a verdict for the plaintiff directed by the court in an action to recover for the use of a party wall. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Arthur A. Birney* and *Mr. Edward A. Newman* for the appellant.

*Mr. E. Hilton Jackson* and *George L. Wilkinson* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action was brought by the appellee, Laura O. Talbott, against the appellant, Stephen B. Priest, to recover the sum of $203.29, with interest, for what is claimed to be one-half the value of a wall alleged to be a party wall. The action is brought under and is supposed to be maintainable by virtue of section 62 of the building regulations, made and promulgated July 31, 1897, by the Commissioners for the District of Columbia, in pursuance of the act of Congress of June 14, 1878; said section 62 being under title " Party Wall." In the preamble to the section of the regulations just mentioned, it is declared that " the fourth section of the

building regulations, No. 1, approved by President Washington, October 17, 1791, is recognized as in force, as follows:

" Sec. 62. That the person or persons appointed by the Commissioners to superintend buildings may enter upon the land of any person to set out the foundation and regulate the walls to be built between party and party, as to the breadth and thickness thereof, which foundation shall be laid equally upon the lands of the persons between whom such party walls are to be built, and shall be of the breadth and thickness determined by such person proper; *and the first builder shall be reimbursed one moiety of the charge of such party wall,* or so much thereof as the next builder shall have occasion to make use of, *before such next builder shall in any way use or break into the wall,* the charge of value thereof to be set by the person or persons so appointed by the Commissioners."

The act of Congress of 1878, under which the regulation was promulgated, provides that the Commissioners of the District of Columbia shall make and enforce such building regulations for the said District as they may deem advisable, and that the regulations so made shall have the same force and effect within the District of Columbia as if enacted by Congress.

The facts of the case are few and are not disputed. Indeed, they are admitted. It appears that the defendant, prior to and on the 3d of March, 1898, was the sole owner in fee simple of adjoining lots 20 and 23 of Priest's subdivision of part of block 42 of University Park, in the county of Washington, District of Columbia,—the said lots fronting on Huntington place, and lying outside of the city of Washington. That while the defendant was the sole owner of both of said lots, and prior to March 3, 1898, both of said lots being then unimproved, he constructed a dwelling house on lot 20, and placed the east division wall, being 9 inches thick, equally on said lots 20 and 23,—that

is to say, 4½ inches on lot 20 and 4½ inches on lot 23,—so that the east line of said lot 20 ran longitudinally through the center of said division wall; and the defendant, upon the erection of the wall, paid the entire cost thereof, as owner of the two lots.

That, on the 3d day of March, 1898, the defendant, by deed, conveyed lot 20, as laid out and defined on the plat of the subdivision, to William H. Davis, together with all the improvements, easements, rights, privileges and appurtenances to the same belonging; and on the same day William H. Davis conveyed said lot 20 to the plaintiff, by deed in terms substantially similar to those contained in the deed to him.

That in May, 1899, the defendant, being still the owner of the adjoining lot 23, constructed a dwelling house thereon, and used the said division wall so constructed and paid for by him to the extent of 4½ inches only, which rested exclusively upon said lot 23, the same being the west supporting wall of such house so built on lot 23. That the plaintiff, at the time said wall was cut into by the defendant, immediately demanded of him payment of one-half the value of said wall, but he refused to pay the same, and proceeded to make use of the wall in the manner and to the extent stated. It is agreed that the value of the one-half of the wall is $203.29, including $2.50, the one-half of the inspector's fee; and it was for this amount that the judgment was rendered.

Upon the foregoing facts, the plaintiff requested an instruction from the court to the jury, that the plaintiff was entitled to recover, and that the verdict should be in her favor; and which prayer was granted, and the verdict was rendered accordingly, and the defendant excepted, and has prosecuted this appeal.

In support of the appeal, it has been earnestly argued that the building regulation, under which the present claim for reimbursement is made, does not apply to the county of

Washington, outside of the city of Washington; and that, if it be construed to have such application, the act of Congress authorizing the making of such regulation, and the regulation made in pursuance of that act, as it, by its terms, applies to the county beyond the limits of the city, is unconstitutional, as an attempt to authorize the taking of private property for private use.

These questions are of a very important character, and are by no means free of difficulty in their determination; but we do not think it necessary to go into the consideration of them on this appeal.

It is very clear, we think, that this case is not embraced either by the terms or the reason of section 62 of the building regulations of the District. The regulation as prescribed by section 62 applies only as between party and party, as owners of adjoining lots or tenements, upon which · buildings are constructed with a wall built upon the dividing line between the adjoining premises for their common use. It does not apply to the case of an express or an implied grant of an easement in a division or partition wall erected by the owner of both lots or parcels of ground, at his own exclusive expense; and who subsequently conveys one or both of the adjoining lots to another or different persons. The wall as constructed by defendant at his own expense, when he was owner of the two adjoining lots, became a party wall, in a particular sense, when he erected the building on lot 23; but it was a party wall divided longitudinally into two moieties, each moiety being subject to a cross-easement in favor of the other moiety, as means of support of the adjoining houses. The wall stands $4\frac{1}{2}$ inches on each side of the dividing line; and the title acquired by the plaintiff is to the center of the wall, the west half being on her side of the division line; and she acquired no estate in the east half of the wall; but only a mere easement of support to her side of the wall. *Watson* v. *Gray*, 14 Chan. Div. 192.

It is an established principle that if one who has built two houses having a common wall between them, afterwards conveys them to different persons by conveyances in which each parcel or lot is described as terminating at a line which is in fact in the center of the wall, though the wall is not mentioned, such conveyances put upon each wall the burden and the privileges of a party wall. There is an implied grant of a party wall in the house conveyed when the line is run by courses and distances through the middle of the wall of both houses, as well as when it is described as running through the middle of such wall. It is the actual existence of the wall as a part of both houses, and not the reference to it as a monument, from which the grant and reservation are implied. As regards the wall, it is immaterial whether the buildings are conveyed under the description of the lots or by designation as buildings. *Carlton* v. *Blake*, 152 Mass. 176. And the principle is the same whether one of the lots is reserved by the original owner of both the lots, and who subsequently builds on the lot retained by him, or whether both lots are conveyed by him after the erection of the wall. The wall is intended for the mutual and common benefit of both houses when erected; and the plaintiff, when she purchased the house and lot 20, acquired a cross-easement in the $4\frac{1}{2}$-inch wall on the east side of the dividing line, and as a compensation for that there is an implied reservation of easement in her part of the wall, on the west side of the line, in favor of the house on lot 23. She was not the first builder within the contemplation of the building regulation referred to, and she did not pay for the erection of the wall or any part of it, except as she paid the purchase price of lot 20, with the improvements thereon erected by the defendant. In such case, there is no equity or justice to require contribution or reimbursement to be made by the defendant to the plaintiff. The defendant built the entire wall on his own property and at his own cost. The case is entirely different from

the case provided for in the building regulations.   By those regulations the party taking and using an existing wall between adjoining lots for the support of his house, is required, before doing so, to make contribution or reimbursement to the first builder or owner of the wall, the one-half of the cost thereof.   But here the defendant was the first builder of the wall for the use and benefit of his two adjoining lots, and the attempt is now, by this action, to make him pay a second time for one-half of the wall. There is no principle upon which the action can be maintained.   The judgment therefore must be reversed, and the cause remanded that it may be disposed of in accordance with this opinion.

*Judgment reversed and cause remanded.*