MORRIS FEDER, JACOB PARKER AND MINNIE TERRIS, PLAINTIFFS, v. SAM SOLOMON AND JULIA SOLOMON, DEFENDANTS.

Decided November 17, 1925.

**Party Walls—Encumbrance or Valuable Appurtenant—Plaintiff Agreed to Buy Property From Defendant Free of Encumbrance, With Specified Exceptions, Afterward It Was Found That One of the Walls Was a Party Wall—Held, That Party Walls, Without Agreement to Maintain Same, is Not An Encumbrance, That Ownership Goes Only to Center of Wall and That the Other Part, Supporting as It Does the Owner's Wall, is a Benefit—If An Agreement to Maintain Wall Exists It May Become An Encumbrance.**

On findings of fact and conclusions of law.

For the plaintiffs, *Jacob I. Jaffe* and *Weinberger & Weinberger.*

For the defendants, *Feder & Rinzler.*

NEWMAN, JUDGE. This case was tried before the court without a jury. I find the facts to be as follows:

On the 6th day of April, 1923, the defendant entered into a contract with the plaintiffs whereby the defendants agreed to convey to the plaintiffs certain lands and premises in the city of Passaic, known and designated as Nos. 220 and 220½ Monroe street, being a plot of ground having a frontage of thirty-seven and one-half feet, more or less, on Monroe street, and a depth of one hundred feet, more or less.

The purchase price was the sum of $40,000. The contract further provided that the premises were to be conveyed free of all encumbrances with the exception of two mortgages, the first in the sum of $10,000 and the second in the sum of $8,000. The plaintiffs paid $1,500 deposit and were to pay the difference in cash on or before May 11th, 1923, the date fixed for the closing of title.

After the signing of the contract the plaintiffs caused a search of the premises to be made, for which they incurred an expense of $150, and also caused a survey to be made at an expense of $50, both of which charges I find to be reasonable.

I further find that the two sides of the brick building erected on the premises were part of a wall used in common by the owners of the premises about to be conveyed and the adjoining owners on each side, and that the lines of the premises in question on each side run through the centre of this wall, the situation thus presented being what is commonly called a party wall.

I find that the district in which these premises are located is a business district; that the buildings are closely built; that the building on the premises in question contains stores, and that there is no agreement between the respective adjoining owners and the plaintiffs or their predecessors in title as to the maintenance or repair of these walls.

The plaintiffs allege that these party walls were an encumbrance on the property, and for that reason they declined to accept the deed and pay the balance of the purchase price, and have instituted this suit for a recovery of the initial payment of $1,500, together with the reasonable expenses of the search and survey thus incurred. There is no dispute as to the essential facts, but the parties have joined issue on this interesting question of law.

No case in this state has been called to my attention where the question has been flatly decided, and the only case approaching a solution of the point involved is the opinion of the Court of Errors and Appeals in this state in *Burns* v. *Thomas,* reported in 86 *Atl. Rep.* 382. In that case com-

plainant had agreed to buy a lot in Jersey City twenty-five feet in width, together with a four-story brick apartment dwelling situated thereon. The deed as delivered described the westerly line of the lot as running through the centre of a party wall standing partly on the premises thereby conveyed and partly on the premises next adjoining thereto. Complainant sought to have the deed reformed by including the whole of such party wall on such westerly side, on the theory that the contract provided for a four-story building, but that the description in the deed as given did not include a complete building. The court said (at *p.* 383) :

"The case is the ordinary case that occurs in our compactly-built cities, of a building with party walls. A building is none the less a complete building because one of its side walls requires, or is strengthened by, a supporting wall of an adjoining building. The right of mutual easements in such cases is well recognized, and each building is regarded as complete in itself. The language used by Chief Baron Pollock in *Richards* v. *Rose,* 9 *Exch.* 218, by the New York Court of Appeals in *Rogers* v. *Sinsheimer,* 50 *N. Y.* 646, and the Supreme Court of Massachusetts in *Carlton* v. *Blake,* 152 *Mass.* 176; 25 *N. E. Rep.* 83; 23 *Am. St. Rep.* 818, sufficiently vindicates this definition of a building."

The better opinion seems to be that a wall standing equally on both lots, and held in common by the adjoining proprietors, is not an encumbrance, but a valuable appurtenant which passes with the title to the property. *Maup. Mar. Tit. R. E.* 326, citing cases.

In *Hendricks* v. *Stark,* 37 *N. Y.* 106, where there was no covenant to maintain and rebuild the wall, the Court of Appeals of that state said :

"A party wall, creating a community of interest between adjoining proprietors, is in no just sense to be deemed a legal encumbrance upon the property.

"A party purchasing a hotel and premises at public auction, without being informed that part of the walls of the adjoining other buildings are party walls, cannot, for that cause, refuse to complete the purchase price.

"As between adjoining proprietors maintaining party walls, their mutual easement in walls is a benefit and not a burden to each of them. It is a valuable appurtenance, which passes with the title of the property."

This doctrine was aprpoved by the same court in the case of *Bull* v. *Burton,* 227 *N. Y.* 101. To the same effect is *Schaefer* v. *Blumenthal,* 169 *Id.* 221.

27 *R. C. L.* 507, § 232, lays down the following rule:

"In the case of the sale of a city building the fact that the side walls are party walls does not constitute such an encumbrance or defect in the title as will relieve the purchaser from completing the purchase. * * *

"For, as has been said since the title acquired by the purchaser will extend only to the middle of the party walls, it is obvious that the mutual easement for their support is a benefit, and not a burden, to him as well as the adjacent proprietors. It is a valuable appurtenance which passes with the title of the property, and its value to him is not diminished by the fact that it is equally beneficial to the adjacent owners. Also, though the erection of a party wall creates a community of interest between neighboring proprietors, there is no just sense in which the reciprocal easement for its preservation can be deemed a legal encumbrance on the property. The benefit thus secured to each is not converted into a burden by the mere fact that it is mutual and not exclusive."

Professor Reeves in his work on *Real Prop.* (at *p.* 294), says:

"It is because of its characteristics, as above explained, that the existence of a party wall on a lot of land, and the ordinary covenants relating to it, do not constitute an encumbrance within the meaning of a covenant against encumbrances in a deed of the land or in a contract for its sale."

There is a distinction to be recognized where there is a covenant as to maintenance and rebuilding the wall made between the adjoining owners. In that case, there being a covenant running with the land, it is recognized as an encumbrance because of such perpetuity. That distinction was

recognized by the Court of Appeals of New York in the case of *O'Neal* v. *Van Tassel,* 137 *N. Y.* 297, in which that court said:

"But the chief point of distinction consists in the fact that there is here a covenant running with the land, which compels the owner to rebuild and repair, and, when rebuilt, it must be on the same spot, of the same size, and of similar materials as when originally constructed Such a covenant cannot be regarded in any other light than as a perpetual encumbrance, which, in the case of urban property, restricts its free use and enjoyment, and may seriously embarrass the owner in respect to its future improvement. If he desired to build, enlarge or rebuild, he might be compelled to build an entirely independent wall upon his own premises, and thus further reduce the available space on his own lot, and still be liable upon his continuing obligation to repair or rebuild the party wall."

In the absence of a covenant between the joint owners there is no obligation to rebuild a party wall. *Heartt* v. *Kreuger,* 121 *N. Y.* 386; *Oman* v. *Day,* 5 *Fla.* 385; *Antomarchi* v. *Russell,* 63 *Ala.* 356; *Sherred* v. *Cisco,* 4 *Sand. Sup. Ct.* 480; *Reynolds* v. *Fargo,* 1 *Sheld.* 531.

Plaintiffs further allege in their complaint that by their agreement to convey free and clear of encumbrances the defendants perpetrated a fraud upon them. Since it has been shown that there was no encumbrance that claim fails.

In their brief counsel for plaintiffs argue that they could recover on the ground of mutual mistake. Assuming that such recovery were possible in an action at law, there is no such claim in the complaint.

I, therefore, conclude that the plaintiffs were not justified in refusing to take title upon the ground that there was an encumbrance upon the property by reason of the presence of this party wall.

Judgment should, therefore, be entered for the defendants.